[Cite as *N. Frozen Foods, Inc. v. Moton*, 2014-Ohio-825.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99938

# NORTHERN FROZEN FOODS, INC.

PLAINTIFF-APPELLEE

vs.

# RONALD E. MOTON, SR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-795157

**BEFORE:**   Boyle, A.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   March 6, 2014

**FOR APPELLANT**

Ronald E. Moton, Sr., pro se
293 Second Avenue
Mansfield, Ohio   44902

**ATTORNEYS FOR APPELLEE**

Donald A. Mausar
Amanda Rasbach Yurechko
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 Lakeside Avenue, West
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Ronald Moton, Sr. ("Moton"), appeals the trial court's decision granting judgment in favor of plaintiff-appellee, Northern Frozen Foods, Inc., d.b.a. Northern Haserot ("Northern Haserot"). He further appeals the trial court's decision denying his motion for change of venue and motion to dismiss. Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2} In November 2012, Northern Haserot commenced the underlying action, seeking a judgment for the outstanding balance owed on an account held by Moton for food products delivered to Moton's company, "The King of Bar-B-Que Ribs Company, Inc." Northern Haserot attached a copy of the account application, an aged charge payment summary, and the "Terms of Sale on Credit/Credit Agreement/Personal Guarantee" ("the agreement"), which was signed by Moton. Northern Haserot alleged that Moton owed $9,249.83 on the account plus interest at the rate of 18 percent per annum from September 28, 2012.

{¶3} Relevant to this appeal, the agreement contains both a forum-selection clause (identifying Cuyahoga County Court of Common Pleas as having venue and jurisdiction) and a personal guaranty provision.

{¶4} In December 2012, Moton filed a single document, titled "answer, change of venue, and motion for dismissal." Moton denied "all complaints in the captive case" and sought a change of venue, alleging that the Richland County Common Pleas Court

was the only proper venue for the action. Moton further disputed his personal liability based on his signing the agreement in his capacity as president of The King of Bar-B-Que Ribs Company, Inc. and the basis of Northern Haserot's authority to collect on invoices that identify Brandt Meat Company and UniPro Foodservice as the party owed money — entities other than Northern Haserot.

{¶5} Northern Haserot opposed the motion, arguing that Moton expressly consented to the Cuyahoga County Court of Common Pleas jurisdiction when he executed the agreement. It further argued that Moton's motion provided no grounds to dismiss the complaint and that Northern Haserot had sufficiently pled a claim for relief.

{¶6} The trial court ultimately denied Moton's motion, and on February 5, 2013, set the matter for a case management conference on February 27, 2013. Northern Haserot subsequently moved for summary judgment on February 12, 2013. Moton did not oppose the motion for summary judgment. Instead, on February 22, 2013, Moton filed a "motion for opposition of the court scheduling of the conference," arguing that the court had no jurisdiction and disputing Northern Haserot's legal authority to pursue an action against him personally. Moton also filed a "motion for disqualification" of the trial judge in the trial court, arguing that the trial court was "ignoring" his arguments by virtue of the court not finding them compelling.

{¶7} On April 19, 2013, the trial court struck Moton's improperly filed motion for disqualification. On April 26, 2013, the court granted Northern Haserot's unopposed motion for summary judgment, ordering judgment in its favor and against Moton for

$9,249.83 "with contractual interest at the rate of 18% per annum from September 28, 2012." Moton now appeals, listing eight assignment of errors.

## App.R. 16 and 12

{¶8} Preliminarily, we note that Moton's brief filed with this court is very difficult to decipher and does not comply with App.R. 16 in many respects, including a lack of reference to the places in the record where each error is reflected (App.R. 16(A)(3)), no statement of the issues (App.R. 16(A)(4)), and the supporting arguments do not clearly specify the contentions pertaining to each assignment of error or provide citation to supporting legal authority (App.R. 16(A)(7)).

{¶9} Pursuant to App.R. 12(A)(2), an appellate court may disregard an assignment of error because of such "lack of briefing." *Gaskins v. Mentor Network-REM*, 8th Dist. Cuyahoga No. 94092, 2010-Ohio-4676, ¶ 7, citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988). This rule is applicable to all parties regardless of whether they proceed on a pro se basis. *Id.* at ¶ 8. Based on Moton's failure to comply with App.R. 16, we are free to disregard his purported assignments of error. In the interest of justice, however, we will address what we discern to be his assignments of error.

## Summary Judgment

{¶10} In his first seven assignments of error, Moton appears to be challenging the trial court's award of summary judgment on three different grounds: (1) the sufficiency of Northern Haserot's evidence, namely, the account invoices; (2) the trial court's refusal to

reschedule a case management conference; and (3) the basis to impose personal liability when Moton allegedly executed the contract only on behalf of his corporation.

*Standard of Review*

**{¶11}** We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

**{¶12}** Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

(1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

**{¶13}** The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment

will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact.   *Id.* at 293.

*Satisfying Its Burden*

**{¶14}** Moton does not appear to dispute the amount of money owed on the account.  Instead, he appears to dispute whether Northern Haserot satisfied its burden demonstrating that it is entitled to judgment as a matter of law.  We find no merit to his argument.

**{¶15}** The record reveals that Northern Haserot obtained summary judgment after establishing that Moton owed an outstanding balance of $9,249.83 on an account for goods provided by Northern Haserot.  Specifically, Northern Haserot produced a copy of the agreement executed by Moton, a statement of the account, and the invoices evidencing the outstanding balance.  It further produced the affidavit of Joel Waters, Northern Haserot's authorized representative and custodian of records, who swore to the outstanding balance, and that each of the invoices, including those containing a trade name of "UniPro Foodservice" or "Brandt Meat Company, a Division of Northern Haserot" were all due and owing.  Moton never filed a brief in opposition opposing any of this evidence.

**{¶16}** Accordingly, through the executed agreement, the copy of the invoices, and the affidavit of Joel Waters, Northern Haserot produced evidence that it was entitled to judgment as a matter of law.

*Case Management Conference*

**{¶17}** Moton argues that the trial court erred in refusing to reschedule the case management conference or in not allowing him to attend by telephone. It appears that the trial court never held a case management conference in this case. Nevertheless, the failure to do so did not prejudice Moton. Northern Haserot moved for summary judgment on February 12, 2013. The trial court did not issue a ruling until beyond the time afforded for Moton to oppose the motion. Given that Northern Haserot satisfied its burden, the trial court properly granted its motion. Notably, Moton never filed a motion seeking a continuance for additional time to respond.

*Personal Liability*

**{¶18}** Moton further argues that the trial court erred in finding him personally liable on the account when he specifically wrote the title, "President," next to his signature on the agreement. Moton's argument, however, ignores that the agreement contained an express personal guaranty in the body of the agreement. Specifically, the agreement provides in relevant part:

> As a condition of Northern Frozen Foods, Inc., d.b.a. Northern Haserot, extending credit to Purchaser, the Undersigned hereby personally guarantees payment in full for all product or goods delivered by Northern Frozen Foods, Inc., d.b.a. Northern Haserot, plus service charges, collection costs, return check fees and attorney fees, and waive[s] any presentment, demand, protest and any other notice from Northern Frozen Foods, Inc., d.b.a. Northern Haserot regarding this guarantee of payment. *It is further agreed that the use of titles with respect to individual signatures below shall have no legal significance and shall in no way be construed to relieve the individual guarantors of their personal obligations under this paragraph.*

(Emphasis added.)

**{¶19}** The issue of whether a note has been executed by a party in his individual or representative capacity is a question to be determined from the consideration of the whole instrument. *Pensco Trust Co. v. H&J Props., L.L.C.*, 8th Dist. Cuyahoga No. 93826, 2010-Ohio-3610, ¶ 10. And here, based on the clear and express provision in the agreement, Moton cannot escape personal liability by including his title next to his signature. Notably, although Moton's company is identified in the account application, the agreement specifically identifies only Moton as the purchaser and guarantor under the agreement.

**{¶20}** Accordingly, we find that the trial court properly granted judgment in favor of Northern Haserot and against Moton in his individual capacity.

Venue and Jurisdiction

**{¶21}** In his final assignment of error, Moton argues that the trial court erred in denying his motion to change venue and motion to dismiss for lack of jurisdiction. He contends that Richland County — the place of his residence, his business, and where he received all deliveries giving rise to the complaint — is the only proper venue. He further implies that the Richland County Court of Common Pleas is the only court to have personal jurisdiction over him. Moton's arguments, however, lack merit.

**{¶22}** Moton expressly consented to venue being proper in Cuyahoga County under the agreement. Moton has not disputed the validity of the forum-selection clause during the proceedings. Instead, he has maintained that his health conditions precluded him from conveniently appearing in Cuyahoga County. Based on the express

forum-selection clause in the agreement, the trial court did not err in denying Moton's motion to change venue or in denying his motion to dismiss on personal jurisdiction grounds. *See Original Pizza Pan v. CWC Sports Group, Inc.*, 194 Ohio App.3d 50, 2011-Ohio-1684, 954 N.E.2d 1220, ¶ 10-12 (8th Dist.).

**{¶23}** Moton's eight assignments of error are overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

MARY J. BOYLE,   ADMINISTRATIVE   JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR