[Cite as *Kenney v. Cleveland*, 2018-Ohio-1186.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105664

---

## MICHELLE KENNEY

### PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-849922

**BEFORE:**   Blackmon, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**      March 29, 2018

**FOR APPELLANT**

Michelle Kenney, pro se
19409 Kewanee Avenue
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEES**

Barbara A. Langhenry
Director of Law

Austin Tyler Opalich
City of Cleveland, Law Department
Assistant Director of Law

Tiffany C. Fischbach
Mark V. Webber
Law Department Assistants
601 Lakeside Ave., Room 106
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} Michelle Kenney ("Kenney") appeals pro se from the trial court's granting summary judgment to the city of Cleveland ("the City")[1] in this breach of contract case and assign the following errors for our review:

I. The trial court granted the defendants['] motion for summary judgment made pursuant to Civ.R. 56.

II. The trial court['s] determination that the plaintiff filed [this] action after the expiration of the statute of limitations for an oral breach of contract pursuant to O.R.C. 2305.07 was a mis[s]tatement of fact.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶3} In August 2008, Kenney, who worked for the City, transferred positions from the Department of Economic Development to the Department of Public Utilities ("DPU"). This transfer was a lateral move. However, Kenney alleges that "several months" earlier, when Eric Myles, who works for the City's Human Resources Department, offered her the position via a telephone conversation, he also promised her a $3,000 salary increase. Kenney noticed that the first paycheck she received after the transfer, as well as every other paycheck she received through September 2013, when she stopped working for the City, did not reflect her alleged salary increase. According to

[1]Kenney also listed the Department of Public Utilities, Robert Davis, and Barry "Whithers" [sic] as defendants; however, Kenney's complaint alleges no claims against the Department of Utilities, Davis, or "Whithers"[sic]. In its final appealable order, the court disposed of all claims against all parties. For ease of this opinion, however, we refer only to the defendant "the City."

Kenney, she inquired about the discrepancy many times and, although "[e]verybody said they would do what they can to fix it," she never received the $3,000 raise.

**{¶4}** On August 18, 2015, Kenney, who was represented by counsel at the time, filed a complaint against the City alleging breach of contract, promissory estoppel, and equitable estoppel.[2] The court granted summary judgment in favor of the City on Kenney's breach of contract claim, finding that the action was filed after the expiration of the statute of limitations. The court also granted summary judgment in favor of the City on the remainder of Kenney's claims, finding that they were barred by sovereign immunity. It is from this order that Kenney appeals, pro se.

### Law and Analysis

**{¶5}** We first note that pro se litigants are "held to the same standard as other litigants and [are] not entitled to special treatment from the court." *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 19. In the case at hand, Kenney's first assigned error does not allege that the court committed an error at all; rather, it simply states that the court granted summary judgment. Additionally, in Kenney's second assigned error, she alleges that the trial court committed a "misstatement of fact," rather than an error. Nonetheless, in the interest of justice, we review Kenney's appeal based on whether the court erred by granting summary judgment to the City. *See Northern Frozen Good, Inc. v. Moton*, 8th Dist. Cuyahoga No. 99938, 2014-Ohio-825, ¶ 9

---

[2]Kenney also alleged a claim entitled "plus adjustment for working out of classification." We know of no such legal claim in Ohio. It appears that the essence of Kenney's complaint is that the City owes her money based on an oral contract, or, in the alternative, a theory of estoppel.

(although a pro se litigant's appellate brief was "very difficult to decipher," the court reviewed the case on its merits, stating, "we will address what we discern to be his assignments of error").

## Summary Judgment

{¶6}  Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## Statute of Limitations
## Breach of Oral Contract and Promissory Estoppel

{¶7}  Pursuant to Civ.R. 10(D), "[w]hen any claim * * * is founded on [a] written instrument, a copy of the * * * written instrument must be attached to the pleading."  In the instant case, there are no written instruments attached to Kenney's complaint. Additionally, Kenney admitted in her deposition that there are no written documents in which the proper authority from the City "signs off" on her alleged raise.  Rather, Kenney argues that "everybody approved" of Myles offering her the $3,000 raise over the phone.  Therefore, although Kenney's complaint never expressly states it, we surmise that her claims are based on an alleged breach of oral contract.

{¶8}  The statute of limitations for a breach of oral contract claim is six years. R.C. 2305.07.  "The cause of action arises when the plaintiff discovers the omission to perform as agreed in the oral contract."  *Aluminum Line Prods. Co. v. Brad Smith*

*Roofing Co.*, 109 Ohio App.3d 246, 258, 671 N.E.2d 1343 (8th Dist.1996). Additionally, a cause of action for promissory estoppel is also subject to the six-year statute of limitations found in R.C. 2305.07. *See Cleveland Hts. v. Cleveland*, 8th Dist. Cuyahoga No. 79167, 2001 Ohio App. LEXIS 5010 (Nov. 8, 2001).

{¶9} In the case at hand, it is undisputed that Kenney discovered the alleged breach when she received her first paycheck from the DPU. That exact date is not established in the record, although the evidence shows that Kenney started her new job in August 2008 and received her first paycheck shortly thereafter. Kenney filed her claim in August 2015, which is approximately seven years after the causes of action accrued and one year after the statute of limitations expired. Accordingly, we find that Kenney's claims are barred by the statute of limitations.

**Immunity for Estoppel Claims**

{¶10} Determining whether a political subdivision has immunity generally involves an analysis under Chapter 2744 of the Ohio Revised Code. However, under R.C. 2744.09, immunity under this chapter is not applicable to "[c]ivil actions by an employee of a political subdivision against the political subdivision * * * relative to any matter that arises out of the employment relationship between the employee and the political subdivision [including] wages, hours, conditions, or other terms of his employment * * *." R.C. 2744.09(A) and (B). Furthermore, Chapter 2744 immunity does not apply to "actions that seek to recover damages from a political subdivision * * * for contractual liability * * *."

**{¶11}** Kenney's claims, whether they sound in contract or quasi-contract, clearly arise out of the employment relationship between her and the City. Therefore, we conclude that the City is not entitled to immunity under R.C. Chapter 2744 et seq.

**{¶12}** The City alternately argues that it is immune from liability for promissory and equitable estoppel claims. We note that the Ohio Supreme Court has held that "the doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 25. *See also Campolieti v. Cleveland*, 184 Ohio App.3d 419, 2009-Ohio-5224, 921 N.E.2d 286, ¶ 36 (8th Dist.2009) ("Employment decisions made in the exercise of a government function fall within this protection").

**{¶13}** The "operation of a utility," however, is not a governmental function; rather, R.C. 2744.01(G)(2)(c) expressly lists this as a proprietary function. Therefore, we find that *Hortman* is not applicable to the case at hand.

**{¶14}** Although we do not find that political subdivision immunity bars Kenney's claims against the City, the outcome of this case is controlled by Kenney's failure to file her complaint before the six-year statute of limitations expired. *See, e.g., Argabrite v. Neer,* 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 32 ("although on a different ground, we affirm the court of appeals' judgment affirming the trial court's entry of summary judgment * * *").

**{¶15}** Accordingly, there are no issues of material fact concerning Kelley's claims, including one breach of contract claim, one promissory estoppel claim, two equitable estoppel claims, and one claim entitled "plus adjustment for working out of classification," and the City, as well as all other defendants, are entitled to judgment as a matter of law. The court did not err by granting summary judgment on Kenney's complaint, and her two assigned errors are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR