JACKSON, Appellant,

v.

INTERNATIONAL FIBER, Appellee.

[Cite as *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2005–CA–38.

Decided Nov. 3, 2006.

396

Joanne Jocha–Ervin, for appellant.

Ray A. Cox, for appellee.

BROGAN, Judge.

{¶ 1} In this case, Martin Jackson appeals from a trial court decision granting a Civ.R. 12(B)(6) motion to dismiss. The trial court dismissed the case based on Jackson's alleged failure to file within the statute of limitations in R.C. 2305.10 and Jackson's failure to timely file suit within the period specified by an Equal Employment Opportunity Commission ("EEOC") "dismissal." In addition, the trial court found that it lacked jurisdiction over the subject matter because of previous administrative proceedings and generally adopted the rationale and information set forth in the defendant's motion to dismiss.

{¶ 2} Jackson appeals, raising as assignments of error that:

{¶ 3} "I. The trial court erred by dismissing Plaintiff-Appellant's race discrimination claim under Ohio Revised Code § 4112.99; and

{¶ 4} "II. The trial court erred by dismissing Plaintiff–Appellant's disability discrimination claim under Ohio Revised Code § 4112.99."

{¶ 5} After considering the record and applicable law, we find that the assignments of error have merit. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

I

{¶ 6} Jackson filed the present action on October 6, 2003, against International Fiber ("Fiber"). The complaint stated that Jackson's claims were being brought pursuant to R.C. 4112.01 et seq. and R.C. 4112.99. Jackson alleged in the complaint that he was a black male and had been employed by Fiber from September 2000 until March 9, 2001, when he was terminated, allegedly for violating Fiber's attendance policy. Further, Jackson claimed that he had been continuously employed with Fiber's predecessor, Ralston Purina of St. Louis, from 1992 to 2000, when Ralston Purina sold the plant to Fiber.

{¶ 7} Jackson alleged that he had been diagnosed in 1996 with pancreatitis, which is a condition that periodically flares up. Purportedly, Ralston Purina had allowed Jackson leave during times that his illness did not allow him to work. However, after Fiber purchased the company, it improperly terminated Jackson for medical absences in excess of company policy, while allowing white employees to take nonpenalized leave under the same conditions. Therefore, Jackson claimed that Fiber had discriminated against him on the basis of both race and disability. Jackson also included claims for breach of contract and violation of public policy.

{¶ 8} Shortly thereafter, Fiber filed a motion to dismiss under Civ.R. 12(B)(6), contending that the trial court lacked jurisdiction over the case due to previous administrative proceedings. These included proceedings with the EEOC and the Ohio Civil Rights Commission, proceedings for unemployment compensation, and a labor grievance. Fiber also claimed that Jackson had failed to comply with the two-year statute of limitations in R.C. 2305.10. And, finally, Fiber argued that Jackson was not disabled and that there were legitimate reasons for his discharge. An affidavit from the plant manager was attached to the motion to dismiss, outlining the reasons for Jackson's discharge. Some documents were also attached, including a "right to sue" letter from the EEOC.

{¶ 9} Jackson filed a reply to the motion, contending that the trial court was required to construe the allegations in the complaint as true and that he had stated a claim for discrimination. Jackson also attached his own affidavit, arguing that summary judgment would be improper due to factual issues. When Fiber responded to Jackson's memorandum, Fiber specifically stated *that its*

*motion was not one for summary judgment but was a motion to dismiss.* Fiber also stated that "[i]t is not enough to make unsupported allegations in the State of Ohio to avoid dismissal under Civ. R. 12(B)." Notably, this is an incorrect statement of law, because allegations in the complaint are construed as true for purposes of evaluating motions to dismiss. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. After reviewing the pleadings, the trial court filed a decision agreeing with Fiber and dismissing the case.

{¶ 10} In discussing the assignments of error, Jackson has addressed three main issues that are applicable to both assignments of error. We will follow the same approach and will not address the assignments of error separately. In this regard, Jackson's first claim is that the trial court erred in dismissing the complaint on the basis of the statute of limitations, because the applicable time period for discrimination claims is six years, not two.

{¶ 11} As a preliminary point, we note that Jackson did not respond to the statute-of-limitations argument that Fiber made in the trial court. We would normally find any error waived, since courts are reluctant to consider error that was not brought to the trial court's attention. In *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, the Ohio Supreme Court said:

{¶ 12} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at syllabus.

{¶ 13} Exceptional circumstances may be found when the trial court commits certain kinds of error. For example, in *First Fed. S & L Assn. of Lakewood v. Dus,* Cuyahoga App. No. 79039, 2003-Ohio-3639, 2003 WL 21545126, the Eighth District Court of Appeals vacated a trial court's grant of summary judgment for a party, even though the impropriety of granting judgment had not been raised in the trial court. The Eighth District felt that exceptional circumstances were present because the party who received judgment had not even asked the trial court for summary judgment. Id. at ¶ 22–29.

{¶ 14} Similarly, in *Gevedon v. Gevedon,* 167 Ohio App.3d 450, 2006-Ohio-3195, 855 N.E.2d 548, we considered plain error because the trial court applied the wrong statute in finding that a party was a vexatious litigator and had awarded relief under a statute that was not even raised. Id. at ¶ 30. See, also, *Sandberg v. John T. Crouch Co., Inc.,* Montgomery App. No. 21342, 2006-Ohio-4519, 2006 WL 2522404, at ¶ 162 (recognizing that plain error could apply when the trial court granted sanctions without letting the sanctioned party respond to the

allegations being made. Under such circumstances, the trial court's action seriously affected the basic fairness of the judicial process).

{¶ 15} Notably, we have held in the past that dismissing "a cause of action, upon statute of limitations grounds, when the statute of limitations has clearly not yet run, constitutes civil plain error." *Miller v. Xenia* (Aug. 25, 2000), Greene App. No. 99CA137, 2000 WL 1209273, *1. In view of this precedent, we find that the error in the present case was not waived and may be considered under the plain-error doctrine.

{¶ 16} In deciding whether a complaint should be dismissed for failure to state a claim, a trial court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. * * * Then, before * * * [the court] may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." *Mitchell*, 40 Ohio St.3d at 192, 532 N.E.2d 753. Our review of such decisions is de novo. *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222.

{¶ 17} De novo review requires an "independent review of the trial court's decision without any deference to the trial court's determination." *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, at ¶ 27.

{¶ 18} In *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, the Ohio Supreme Court also noted that "[a] motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations." Id. at paragraph three of the syllabus.

{¶ 19} The complaint in the present case states that Jackson's employment was terminated on March 9, 2001. Jackson filed the complaint two and a half years after the termination, and alleged that the action was being brought under R.C. 4112.99. The trial court applied the two-year statute of limitations in R.C. 2305.10 and found that the action was barred. However, this was incorrect, because the proper statute of limitations is the six-year period found in R.C. 2305.07.

{¶ 20} In 1994, the Ohio Supreme Court held that R.C. 4112.99 is a remedial statute and is subject to R.C. 2305.07's six-year statute of limitations. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, syllabus. Therefore, the applicable limitations period has been established for many years. Our own district has applied the six-year statute of limitations a number of times to employment-discrimination claims brought under R.C. 4112.99. See, e.g., *Bodkins v. Navistar Internatl. Transp. Corp.* (Dec. 12, 1997), Clark App. No. 97–CA–22, 1997 WL 761849, *6 (handicap discrimination),

and *Barlowe v. AAAA Internatl. Driving School, Inc.*, Montgomery App. No. 19794, 2003-Ohio-5748, 2003 WL 22429543, at ¶ 14 (disability-discrimination claim). The exception to the six-year limitations period is for age-discrimination claims brought specifically under R.C. 4112.02(N), which has its own 180–day limitations period. *Vickers v. Wren Industries, Inc.*, Montgomery App. No. 20914, 2005-Ohio-3656, 2005 WL 1685101, at ¶ 23.

{¶ 21} Accordingly, the trial court committed plain error by applying the wrong statute of limitations and by granting the motion to dismiss the complaint. Jackson's claims for race and disability discrimination were timely filed under R.C. 2305.07 and should not have been dismissed.

## II

{¶ 22} In the second issue, Jackson argues that the trial court erred by considering matters beyond the allegations in the complaint. We agree, because the trial court did consider matters outside the pleadings. The court also effectively converted the motion to dismiss into a summary-judgment situation without notifying the parties.

{¶ 23} The error in this context is perplexing, given Jackson's protest about the use of summary judgment to terminate the litigation—and Fiber's subsequent representation that it was not asking the court to grant summary judgment. Yet, this is essentially what the trial court did by considering facts outside the pleadings.

{¶ 24} Under well-established authority, if a trial court intends to treat a motion to dismiss as a motion for summary judgment, it must give proper notice to the opposing party and provide an opportunity for that party to present its own evidentiary materials. See Civ.R. 12(B); *Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.*, Clark App. Nos. 2004–CA–19 and 2004–CA–20, 2004-Ohio-3781, 2004 WL 1587234, at ¶ 57 (finding that the trial court erred in granting a motion to dismiss when the judgment entry plainly stated that the court had considered an affidavit attached to the motion to dismiss).

{¶ 25} In the present case, the trial court decision specifically referred to the content of an EEOC filing and to administrative proceedings that were not mentioned in the complaint. These matters were raised instead in an affidavit attached to Fiber's motion to dismiss and in documents attached to the affidavit. The trial court also said in its decision that it was adopting "the information and rationale set forth in Defendant's motion to dismiss." Because the information and rationale in the motion were based on matters outside the pleadings, the trial court appears to have made a merit-based judgment on the complaint.

{¶ 26} Furthermore, even if the existence of prior administrative filings had been mentioned in the complaint, they would not bar Jackson's state-court action. In *Smith v. Friendship Village of Dublin, Ohio, Inc.* (2001), 92 Ohio St.3d 503, 751 N.E.2d 1010, the Ohio Supreme Court stressed that both administrative and civil remedies are available for forms of discrimination other than age discrimination. In other words, civil actions are not precluded when a party has filed prior administrative proceedings.

{¶ 27} The holding in *Smith* was based on the fact that Ohio's legislature has chosen to limit remedies only in the context of age discrimination. 92 Ohio St.3d at 506, 751 N.E.2d 1010. As a result, "race, disability, and retaliation claims do not, as a matter of law, require an election of remedies by a claimant." *Carney v. Cleveland Hts.–Univ. Hts. City School Dist.* (2001), 143 Ohio App.3d 415, 426, 758 N.E.2d 234. See, also, *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056 (holding that an aggrieved party may pursue an independent cause of action for disability discrimination and that state and federal courts have concurrent jurisdiction).

{¶ 28} Remedies granted by collective-bargaining agreements also do not preclude an independent cause of action. Despite the strong public policy in favor of arbitrating labor grievances, a plaintiff's state law discrimination claim "may not be forfeited by * * * membership in a labor organization." *Luginbihl v. Milcor Ltd. Partnership*, Allen App. No. 1–01–162, 2002-Ohio-2188, 2002 WL 987853, at ¶ 29. Accordingly, the trial court erred in finding that it lacked jurisdiction over the case due to Jackson's prior administrative proceedings. The court also erred in considering matters outside the pleadings and by effectively converting the motion to dismiss into a motion for summary judgment without notifying the parties.

### III

{¶ 29} In his final argument, Jackson contends that the allegations in the complaint were sufficient to survive a motion to dismiss. Again, we agree.

{¶ 30} R.C. 4112.02(A) states that it is an unlawful discriminatory practice:

{¶ 31} "For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶ 32} Absent direct evidence of discrimination, a prima facie case of discrimination is established when a plaintiff demonstrates (1) that he or she is a member of a protected class, (2) that he or she was subjected to an adverse employment

action, (3) that he or she was qualified for the position, and (4) that someone outside the class was treated more favorably or replaced the plaintiff. *Talley v. Bravo Pitino Restaurant Ltd.* (C.A.6, 1995), 61 F.3d 1241, 1246, citing *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668, and *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577, 582.

{¶ 33} As Jackson correctly notes, the "prima facie case" requirement is an evidentiary standard, *not a pleading standard.* *Coryell v. Bank One Trust Co. N.A.,* 101 Ohio St.3d 175, 176, 2004-Ohio-723, 803 N.E.2d 781, at ¶ 25. Consequently, plaintiffs do not have to establish a prima facie case of discrimination to survive Civ.R. 12(B)(6) motions to dismiss; they need only comply with the pleading requirements of Civ.R. 8(A). Id. This requires " 'a short and plain statement of the claim showing that the party is entitled to relief.' " Id. at syllabus. Therefore, " 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, at ¶ 5, quoting *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063.

{¶ 34} Consistent with notice-pleading requirements, Jackson's complaint alleged that he was a member of statutorily protected classes (race and disability) and that he was discharged for violating company sick-leave policy, while white employees were subjected to more favorable treatment. Jackson did not specifically state that he was qualified for his position, but this is implicit in the allegation that he was employed by Fiber and its predecessor for approximately nine years before the termination.

{¶ 35} Because the allegations in the complaint stated a claim for relief for racial and disability discrimination, the trial court erred in granting Fiber's motion to dismiss. As we mentioned, the court does appear to have improperly considered the merits of the claim. Fiber alleged in its motion and affidavit that Jackson was not disabled and that he was discharged for legitimate reasons. However, these are not matters that can be resolved in the context of a motion to dismiss.

{¶ 36} In view of the preceding discussion, the first and second assignments of error have merit and are sustained. Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

WOLFF and FAIN, JJ., concur.