MAGA, Appellant,

v.

BROCKMAN et al., Appellees.

[Cite as *Maga v. Brockman*, 185 Ohio App.3d 666, 2010-Ohio-382.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23495.

Decided Feb. 5, 2010.

Charles E. McFarland, for appellant.

David P. Pierce, for appellees.

———

DONOVAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Dominic J. Maga, appeals a decision of the Montgomery County Court of Common Pleas, General Division, in which the trial court sustained defendant-appellees Gayle Brockman and Dan Brockman's Civ.R. 12(B)(6) motion to dismiss Maga's complaint. The trial court filed its written

decision on May 20, 2009. Maga filed a timely notice of appeal with this court on June 16, 2009.

I

{¶ 2} On August 23, 2002, Union Savings Bank[1] filed a foreclosure action against Maga in regards to real property he owned that was located at 8144 Frederick Pike in Dayton, Ohio. Union Savings Bank purchased the real property at a sheriff's sale held on May 27, 2004. While he was in possession of the property, Maga stored lawn equipment at the location, which he used to maintain the grounds on the property. Maga also stored lumber on the property that was to be used in the construction of a "three-domed complex home." On July 20, 2004, Union Savings Bank sold the property to Gayle Brockman, as trustee of an unnamed trust. At the time of the sale to the Brockmans, Maga's lawn equipment and lumber was still being stored on the property. On July 21, 2004, Maga traveled to the property and discovered that the lock and chain on the entrance had been changed and that he could no longer gain access to his personal property.

{¶ 3} Once he discovered that the Brockmans had purchased the real property from the bank, Maga sent the couple a demand letter in which he requested the return of his personal property that had been stored at 8144 Frederick Pike. Maga sent the demand letter on September 8, 2004. The Brockmans refused to return the personal property, and Maga subsequently filed a complaint on September 5, 2008, in which he asserted claims for replevin and conversion.[2]

{¶ 4} On October 9, 2008, the Brockmans filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Specifically, the Brockmans asserted that Maga's claims against them were barred by the four-year statute of limitations set forth in R.C. 2305.09(B) for actions in replevin and conversion. On November 5, 2008, the magistrate filed a judgment entry in which she sustained, without explanation, the Brockmans' motion to dismiss. Maga filed a motion to set aside the magistrate's judgment with the trial court on November 14, 2008. A hearing with oral arguments was held before the trial court on March 13, 2009. On May 20, 2009, the trial court filed a decision in which it adopted the magistrate's order. The trial court also

---

1. Maga initially named Union Savings Bank as a defendant in the instant litigation. Maga, however, voluntarily dismissed all his claims against Union Savings Bank in an entry filed on October 27, 2008.

2. Maga originally filed a complaint for replevin against the Brockmans in the Montgomery County Common Pleas Court on October 8, 2004, in Case No. 2004 CV 6882, wherein he sought the return of his personal property. Pursuant to Civ. R. 41(A), Maga filed a voluntary dismissal without prejudice of his case on July 27, 2005.

filed a "final judgment entry" in which it reaffirmed its decision adopting the magistrate's order, as well as ordering Maga to pay court costs from a previous voluntarily dismissed case in the amount of $2,992.25.

{¶ 5} Maga now appeals the trial court decision adopting the magistrate's order sustaining the Brockmans' Civ.R. 12(B)(6) motion to dismiss.

## II

{¶ 6} Because they are interrelated, Maga's first and second assignments of error will be discussed together:

{¶ 7} "It is error for a magistrate to grant a Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted when the facts in the complaint allege all of the elements necessary for the claims of replevin and conversion.

{¶ 8} "It is error for a trial judge to uphold a magistrate's order dismissing a case pursuant to Rule 12(B)(6) for failure to state a claim upon which relief can be granted when the defendants failed to show that the alleged facts in the complaint were insufficient to state a claim in replevin or conversion."

{¶ 9} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. In order to prevail, [it must appear beyond doubt from the complaint] that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242[, 71 O.O.2d 223], 327 N.E.2d 753 at syllabus. The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint to be true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We review de novo the trial court's granting of a Civ.R. 12(B)(6) motion to dismiss." *Grover v. Bartsch,* 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16.

{¶ 10} In *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, the Ohio Supreme Court held that "a motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations." Id., paragraph three of the syllabus.

{¶ 11} As previously stated, the magistrate offered no explanation regarding her decision sustaining the Brockmans' motion to dismiss Maga's complaint. The trial court, however, provided the following analysis in its decision adopting the magistrate's order:

{¶ 12} "This Court finds that as a matter of law the Plaintiff knew or should have known of the taking of the personal property prior to September 8, 2004 when the demand letter was sent. At the earliest, he knew that arrangements for the personal property should have been made on or before May 25, 2004 when the Sheriff's Sale occurred. At the latest, the Plaintiff knew or should have discovered that something was wrong on or about July 20, 2004 when he discovered a chain across the property. Therefore, at earliest he had from May 26, 2004 to May 25, 2008 to file an action to recover the property or from July 20, 2004 to July 19, 2008 as the latest time period to file his lawsuit. Plaintiff's Compliant [sic] was filed on September 5, 2008. As a matter of law, this Court finds that the statute of limitations had run when Mr. Maga filed his lawsuit. Therefore, the Magistrate's dismissal of his lawsuit based upon a failure to state a claim upon which relief could be granted was correct."

{¶ 13} Initially, we note that there is no indication from the trial court's decision that it relied on any evidence outside the pleadings and memoranda associated with the motion to dismiss when it adopted the magistrate's order. Had the trial court considered evidence outside Maga's complaint in reaching its decision, thereby treating the motion to dismiss as a motion for summary judgment, the court would have been required to give proper notice to the opposing party and provide an opportunity for that party to present its own evidentiary materials. *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189. In its decision, the trial court specifically stated that it had reviewed only the pleadings and memoranda filed prior to and after the magistrate issued her judgment before adopting the magistrate's order.

{¶ 14} We also note that "since statute of limitation issues generally involve mixed questions of fact and law, i.e., when the injury occurred or when it should have been discovered, Civ.R. 12(B)(6) is generally not the appropriate vehicle for challenging a complaint on this ground." *Tri–State Computer Exchange, Inc. v. Burt*, Hamilton App. No. C–020345, 2003-Ohio-3197, 2003 WL 21414688. In the instant case, the trial court unequivocally held "as a matter of law that the statute of limitations had run" when Maga filed his lawsuit. After a thorough review of Maga's complaint, we are unable to find any support for the trial court's holding that the statute of limitations had run regarding Maga's claims for replevin and conversion. On its face, Maga's complaint establishes that while he may have been dispossessed of his personal property as of July 20 or 21, 2004, Maga did not know that the lawn equipment and lumber had been allegedly illegally converted by the Brockmans until his demand letter, which was sent on September 8, 2004, was refused.

{¶ 15} In our view, Maga's complaint "does not conclusively show on its face the action is barred by the statute of limitations." We must presume that all the

factual allegations in the complaint are true, and make all reasonable inferences in favor of the nonmoving party, Maga. Thus, we find that the trial court erred when it adopted the magistrate's order sustaining the Brockmans' Civ.R. 12(B)(6) motion to dismiss.

{¶ 16} As a final matter, the Brockmans request that we affirm an award for sanctions issued against Maga by the trial court in case No. 2004 CV 6882. That issue, however, is not properly before us in the instant appeal, which is from case No. 2008 CV 8176, thus we shall not address it.

## III

{¶ 17} Having determined that it was error for the trial court to adopt the magistrate's order sustaining the Brockmans' motion to dismiss, the court's decision is reversed and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY and HARSHA, JJ., concur.

WILLIAM H. HARSHA, J., of the Fourth District Court of Appeals, sitting by assignment.