[Cite as *Edwards v. Perry Twp. Bd. of Trustees*, 2016-Ohio-5125.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN EDWARDS, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Willam B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PERRY TOWNSHIP BOARD | : | Case No. 2015CA00107 |
| OF TRUSTEES, | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court
of Common Pleas, Case No. 2014
CV 01744

JUDGMENT: Affirmed in part; Reversed
And Remanded in part

DATE OF JUDGMENT: July 25, 2016

APPEARANCES:

For Plaintiff-Appellant

DAVID K. SCHAFFNER
Schaffner Law Offices, Co., LPA
132 Fair Avenue, NW
New Philadelphia, Ohio 44663

DOUGLAS C. BOND
116 Cleveland Avenue, NW
Canton, Ohio 44702

For Defendant-Appellee

GREGORY A. BECK
MEL LUTE, JR.
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

*Baldwin, J.*

{¶1}    Plaintiff-appellant John Edwards appeals from the May 5, 2015 Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Perry Township Board of Trustees.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant John Edwards, who is now deceased[1], was employed by appellee Perry Township Board of Trustees since the summer of 2000 in the parks department. On July 24, 2014, appellant, who was African-American, filed a complaint against appellee alleging intentional infliction of emotional distress and discrimination. Appellant also set forth claims for promissory estoppel and violation of mandatory health insurance. Appellee filed an answer to the complaint on August 11, 2014.

{¶3}    Subsequently, on March 9, 2015, appellee filed a Motion for Summary Judgment. On March 20, 2015, appellant dismissed his claims alleging intentional infliction of emotional distress and promissory estoppel. Appellant filed a memorandum in opposition to the Motion for Summary Judgment on March 30, 2015 and appellee filed a reply brief on April 13, 2015.

{¶4}    Pursuant to a Judgment Entry filed on May 5, 2015, the trial court granted appellee's Motion for Summary Judgment.

{¶5}    Appellant now raises the following assignments of error on appeal:

---

[1] Appellant's counsel filed a Suggestion of Death with this Court on January 12, 2016. Since such time, there has been no motion filed for substitution of any personal representative. See App.R. 29(A). If there is no representative, then the proceedings shall be had as the court of appeals may direct. *Id.* We direct that this appeal be continued and determined as if appellant was not deceased.

{¶6} I. THE TRIAL COURT ERRED BY ACCEPTING THE LEGAL ARGUMENTS AND AFFIDAVITS WHICH WERE PRESENTED FOR THE FIRST TIME IN APPELLEE'S REPLY BRIEF, TO WHICH NO FURTHER RESPONSE WAS PERMITTED.

{¶7} II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST AND WHEN IT ERRONEOUSLY APPLIED THE LAW TO THE FACTS OF THIS CASE.

I

{¶8} Appellant, in his first assignment of error, argues that the trial court erred when, in granting appellee's Motion for Summary Judgment, it accepted and considered legal arguments and affidavits which were presented for the first time in appellee's reply brief. Appellant specifically contends that the trial court should not have considered a new defense and two affidavits.

{¶9} "Typically reply briefs are restricted to matters in rebuttal, not new arguments. The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the opportunity to respond. *Buren v. Karrington Health, Inc.,* 10th Dist. No. 00AP–1414, 2002–Ohio–206." *Lawson v. Mahoning Cnty. Mental Health Bd.,* 7th Dist. Mahoning No. 10 MA 23, 2010–Ohio–6389, ¶ 50. Allowing a new argument to be asserted in a reply has been characterized as "summary judgment by ambush." *Intl. Fid. Ins. Co. v. TC Architects, Inc.,* 9th Dist. Summit No. 23112, 2006–Ohio–4869, ¶ 11. "[W]hen a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a

surreply. *Smith [v. Ray Esser & Sons, Inc.* 9th Dist. No. 10CA009798, 2011–Ohio–1529] at ¶ 15, citing *Lawson* at ¶ 50–51." *Baker v. Coast to Coast Manpower, L.L.C.,* 3rd Dist. Hancock No. 5–11–36, 2012–Ohio–2840, ¶ 35.

**{¶10}** Appellant did not attempt to strike the affidavits, nor did he seek leave to file a surreply. We find that appellant has waived any error by failing to move to strike the affidavit or seeking leave to file a surreply. *Bank of New York Mellon v. Crates*, 5th Dist. Licking No. 15-CA-70, 2016-Ohio-2700 at paragraph 22.

**{¶11}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶12}** Appellant, in his second assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment.

**{¶13}** We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary

judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 1996–Ohio–107, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth specific facts by the means listed in Civ.R. 56(C) showing that a triable issue of fact exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1977–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt,* supra.

{¶16} In his complaint, appellant alleged, in part, that appellee failed to provide health care benefits to him as required by R.C. 505.60(A). The trial court, in its May 5, 2015 Judgment Entry, held that such statute does not create a private right of action and that, therefore, appellant's claim must fail.

{¶17} R.C. 505.60 provides, in relevant part, as follows:

> {¶1}   As provided in this section and section 505.601 of the Revised Code, the board of township trustees of any township may procure and pay all or any part of the cost of insurance policies that may provide benefits for hospitalization, surgical care, major medical care, disability, dental care, eye care, medical care, hearing aids,

prescription drugs, or sickness and accident insurance, or a combination of any of the foregoing types of insurance for township officers and employees. The board of township trustees of any township may negotiate and contract for the purchase of a policy of long-term care insurance for township officers and employees pursuant to section 124.841 of the Revised Code.

If the board procures any insurance policies under this section, the board shall provide uniform coverage under these policies for township officers and full-time township employees and their immediate dependents, and may provide coverage under these policies for part-time township employees and their immediate dependents, from the funds or budgets from which the officers or employees are compensated for services, such policies to be issued by an insurance company duly authorized to do business in this state…. (Emphasis added)

**{¶18}** R.C. 505.60 further states as follows: (G) As used in this section and section 505.601 of the Revised Code:

**{¶19}** "Part-time township employee" means a township employee who is hired with the expectation that the employee will work not more than one thousand five hundred hours in any year.

**{¶20}** The trial court, in its Judgment Entry, found that R.C. 505.60 did not create a private right of action. As noted by the court in *Anderson v. Smith*, 196 Ohio App.3d 540, 2011-Ohio-5619, 674 N.E.2d 731, paragraph 10 (10th Dist):

In determining whether a private right of action should be inferred from a statute, Ohio courts have relied on a three-part test adapted from the United States Supreme Court decision in *Cort v. Ash* (1975), 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26. *Strack v. Westfield Cos.* (1986), 33 Ohio App.3d 336, 337, 515 N.E.2d 1005; *Doe v. Adkins* (1996), 110 Ohio App.3d 427, 435, 674 N.E.2d 731; *Gomez v. Noble Cty. Children Servs.,* 7th Dist. No. 09 NO 361, 2010-Ohio-1538, 2010 WL 1316705 (Waite, J., concurring in part and dissenting in part). That test examines (1) whether the statute creates a right in favor of the plaintiff, (2) whether there is any indication of legislative intent, explicit or implicit, to create or deny a remedy through private right of action, and (3) whether it is consistent with the underlying purposes of the legislative scheme to infer such a remedy. *Strack* at 337, 515 N.E.2d 1005; *Adkins* at 435, 674 N.E.2d 731. (Footnote omitted)

**{¶21}** In the case sub judice, R.C. 505.60(A) states, in pertinent part, that "If the board procures any insurance policies under this section, the board <u>shall</u> provide uniform coverage under these policies for township officers and <u>full-time</u> township employees and their immediate dependents,…" As noted by appellant, R.C. 505.60 creates two separate classes of employees. The first class contains employees who work part-time (1500 hours or less) who are not required to be insured and the second class contains full-time employees (more than 1500 hours) who <u>must </u>be insured if insurance is offered.  We find that R.C. 505.60(A) creates a right in favor of appellant provided that he is a full-time employee and that the use of the term "shall" indicates a legislative intent to create an enforceable right. As noted by appellant. "there is no legislative intent to be gleaned on

whether or not there was an intent to allow private enforcement; therefore we have a conundrum of a clear right in favor or certain individuals without an obvious remedy." If a private right of action is not implied, full-time employees will have no remedy for any breach of the duty to provide insurance. We, therefore, disagree with the trial court and find that an implied cause of action exists under R.C. 505.60 for failure to provide health insurance to full-time employees.

{¶22} The next issue to consider is whether or not appellant was a full-time employee. We note that the trial court never addressed such issue, having found that there was no private right of action under R.C. 505.60.

{¶23} As is stated above, a full-time employee is defined by R.C. 505.60(G) as one working more than 1500 hours a year. Appellee, in its reply brief in the trial court, conceded that "there is a genuine issue of material fact regarding the number of hours [appellant] has worked annually." Thus, there is an issue of fact as to whether or not appellant was part-time or full-time.

{¶24} However, appellee argues that appellant signed a written waiver of any right that he had to health care coverage by signing, on June 7, 2010, a "Waiver of Health Insurance Pursuant to ORC 505.60(B)." The waiver states as follows:

{¶25} I, John Edwards, am employed as a part-time employee by the Perry Township Board of Trustees in the park Department as a laborer.

{¶26} As a part-time employee my expectation is that I will not work more than one thousand five hundred hours in any year.

{¶27} However, I understand that I may ***voluntarily*** waive certain statutory rights, benefits and entitlements such as a limitation on hours of work, insurance policies, and

other benefits afforded to full-time employees in order to be eligible to work more than one thousand five hundred hours in any year.

**{¶28}** Since any Township employee may refuse to accept insurance coverage, a limitation on hours of work and other benefits, afforded to full-time employees without affecting the availability of such insurance coverage to other Township officers and employees, I ***voluntarily*** refuse to accept them.

**{¶29}** Because the waiver refers to appellant as part-time, rather than full-time, and there is a genuine issue of material fact as to whether or not appellant was part-time or full-time, we find that there is a genuine issue of material fact as to whether or not appellant knowingly waived any health care coverage. We find, therefore, that the trial court erred in granting summary judgment in favor of appellee on appellant's medical insurance claim.

**{¶30}** Appellant, as is stated above, also alleged that appellee discriminated against him on the basis of race. R.C. 4112.02(A) states as follows:

It shall be an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

**{¶31}** A plaintiff in a discrimination lawsuit may pursue "essentially, two theories of employment discrimination: disparate treatment and disparate impact." *Albaugh v. Columbus, Div. of Police,* 132 Ohio App.3d 545, 550, 725 N.E.2d 719 (10th Dist.1999),

citing *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). Appellant, in the case sub judice, alleges disparate treatment. In a disparate treatment claim, a plaintiff has the initial burden of establishing discrimination through either direct or indirect evidence of discrimination. *Bucher v. Sibcy Cline, Inc.,* 137 Ohio App.3d 230, 239, 738 N.E.2d 435 (1st Dist.2000), citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Where a plaintiff has no direct evidence of discrimination, a prima facie case of discrimination may be made through indirect evidence under the burden-shifting framework the United States Supreme Court established in *McDonnell Douglas.*

**{¶32}** Under *McDonnell Douglas,* a plaintiff first must demonstrate: (1) he or she is a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position in question; and (4) the employer treated a non-protected, similarly-situated person more favorably. *Veal v. Upreach, L.L.C.,* 10th Dist. No. 11AP–192, 2011–Ohio–5406 at paragraph 21, citing *McDonnell–Douglas* at 802. Once a plaintiff demonstrates a prima facie case, the employer is required to set forth some legitimate, non-discriminatory basis for its action. *Id.* If the employer meets its burden, a plaintiff must be afforded an opportunity to prove by a preponderance of the evidence that the legitimate reasons the employer offered were not its true reasons for its actions but were a pretext for discrimination. *Id.*, citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The ultimate burden of persuasion always remains with the plaintiff. *Id.* at 256.

**{¶33}** Appellant argues that "[t]his case… is rife with direct evidence of racial animus" towards him. Appellant notes that during his deposition, he testified that Tom

Ross, his supervisor at the time, stated that appellant was "the first black, the only black, and there won't be another black hired into the Township…" Appellant's Deposition at 17. Appellant also contends that the Township's Law Director made a comment to him that he would have "fired my black ass." Appellant's Deposition at 21. Appellant, it is significant to note, was not fired. Moreover, neither individual had control over appellant's hiring or promotion. Furthermore, other than these two alleged statements made during a 15 year period, appellant cannot point to any other direct evidence of discrimination.

{¶34} With respect to circumstantial evidence of discrimination, appellant, in his brief, contends that there was evidence that he asked to be considered for six positions within the last six years and that all of the positions were filled by white workers. While appellant, in his brief, asserts that appellee has hired six full-time and several seasonal employees, all who were white, within the six year limitations period, we concur with appellee that appellant had presented no evidence as who the employees were or the positions that they filled.

{¶35} Moreover, we note that appellant's statement contradicts his deposition testimony. Appellant, during his June 2014 deposition, testified that there were three positions in the road department in which he was interested. He testified that he filled out an application to work in the road department "I want to say about twelve years ago. Between ten and twelve years ago…" Appellant's Deposition at 10. Appellant, when asked, stated that he did not feel that he was more qualified than the person who was hired for that positon. The next position that appellant was interested in was also in the road department approximately two years later. As noted by the trial court, the statute of limitations for claims brought under R.C. 4112.99 is six years. See *Jackson v. Internatl.*

*Fiber,* 169 Ohio App.3d 395, 863 N.E.2d 189, 2006-Ohio-5799, at ¶ 20, citing *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 638 N.E.2d 991 (1994), syllabus. Finally, while appellant applied for positions as a driver in the road department, as stated in the affidavit of Chris Young, the Assistant Road Superintendent for Perry Township, the union contract applicable to the department required all workers in the road department to have a Class A CDL (commercial driver's license). Young, in his affidavit, further stated that "[a]ll persons hired by the Perry Township Board of Trustees as drivers for the Road Department since 2001 had held a Class A CDL." Appellant did not hold a Class A CDL.

**{¶36}** The only position that appellant was interested in that falls within the six year statute of limitations was a position as a mechanic in the road department. While appellant testified during his deposition that he had been employed in the field of auto mechanics before, he admitted that he did not have a certification in the field of auto mechanics and had not taken any courses in the field. Moreover, appellant never filled out an application for the position.

**{¶37}** Additionally, when asked during his deposition whether he knew the qualifications of the other employees who were hired for the positions that he was interested in, appellant indicated that he did not.

**{¶38}** Appellant, in his brief, also cites to affidavits attached to his memorandum in opposition to appellee's Motion for Summary Judgment in support of his argument that he was qualified for the positions for which he applied and that he was treated unfairly by appellee. Appellant, in support of his memorandum in opposition to appellee's Motion for Summary Judgment, attached his own affidavit and affidavits from his direct supervisor

and other employees. Appellant, in paragraph 12 of his affidavit, stated that he "was qualified for each of these positions." Don Fowler, who worked with appellant, stated in his affidavit that appellant was "qualified and trained for these jobs [other jobs in the Road Department] and could have done them very well" and that appellant had seniority over other individuals hired into the Road Department. He further stated that in his opinion, appellant "was not treated fairly because he was not afforded the same opportunities as other employees and was not treated fairly with regard to opportunities to advance or obtain full time employment." In his affidavit, Kenny Shreffler, appellant's direct supervisor, stated that appellant was "a very good worker and always worked hard" and that appellant had seniority over other applicants who were hired. Jeff Ferguson, appellant's co-worker, stated in his affidavit that appellant had "applied for other jobs in the Road Department and also as a mechanic with the Township" and "was qualified for these jobs…"

{¶39} However, none of the witnesses stated exactly how appellant was treated unfairly or that any unfair treatment was due to his race. They did not identify the job openings or related duties or explain how appellant was qualified for the same, but rather made generic allegations. We concur with appellee that these unsupported generic allegations were insufficient to overcome summary judgment.

{¶40} Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee on appellant's racial discrimination claim. We find that appellant has failed to demonstrate that there is a genuine issue of material fact as to whether or not he was discriminated against on the basis of face and that appellee has articulated a non-discriminatory reason for not promoting appellant.

**{¶41}** Appellant's second assignment of error is, therefore, sustained in part and affirmed in part.

**{¶42}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

and Gwin, P.J. concur.

Hoffman, P.J. concurs
in part and dissents in part

*Hoffman, J., concurring in part and dissenting in part*

{¶43} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶44} I further concur in the majority's analysis and decision in Appellant's first assignment of error R.C. 505.60 does imply a private cause of action for failure to provide health care insurance to full-time employees.  However, I would not proceed to address whether Appellant was a part-time or full-time employee or whether his waiver of benefits was knowingly made because the trial court never addressed those issues.  *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422 [citing *Bowen v. Kilkare, Inc.*, 63 Ohio St.3d 84, 89, 585 N.E. 2d 384 (1992)], at ¶21.

{¶45} Accordingly, I dissent from that portion of the majority's opinion which proceeds to do so.