[Cite as *Warith v. Greater Cleveland Regional Transit Auth.*, 2019-Ohio-3761.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

LAURA WARITH,                                          :

     Plaintiff-Appellant,                    :

                                      No. 107717

     v.                                                    :

GREATER CLEVELAND REGIONAL
TRANSIT AUTHORITY, ET AL.,               :

     Defendants-Appellees.                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 19, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-870081

---

## *Appearances:*

Laura Warith, *pro se.*

Shawn M. Mallamad, *for appellees* Greater Cleveland Regional Transit Authority and Joseph A. Calabrese.

Robert E. Davis Co., L.P.A., and Robert E. Davis, *for appellee* Amalgamated Transit Union Local Chapter 268.

The Law Office of Brian J. Smith, Ltd., and Brian J. Smith *for appellee* William Nix, Sr.

PATRICIA ANN BLACKMON, J.:

{¶ 1}    Plaintiff-appellant Laura Warith appeals from the decision of the trial court granting summary judgment to defendants-appellees, the Greater Cleveland Regional Transit Authority ("GCRTA"), GCRTA Chief Executive Officer Joseph A. Calabrese, the Amalgamated Transit Union Local 268 ("Local 268"), and Local 268 President William Nix, Sr.  In her sole assigned error, Warith asserts that the trial court's judgment is erroneous.  Having reviewed the record and the controlling case law, we affirm the decision of the trial court.

{¶ 2}   In 1999, GCRTA hired Warith, and she became a member of Local 268, the exclusive bargaining agent.  Warith, who is an African-American, held several positions, including part-time operator and circulator operator.  GCRTA's collective bargaining agreement ("CBA") with Local 268 governed the terms and conditions of her employment.  In relevant part, the CBA provided for an alternate dispute resolution procedure, permitting employees to file grievances that could be arbitrated.  The CBA also authorized GCRTA to exercise management rights and set forth a layoff procedure.

{¶ 3}   In September 3, 2009, GCRTA announced the elimination of the Community Circulator Department.  GCRTA and Local 268 subsequently entered into a Memorandum of Understanding that stated that "Circulators on layoff must accept the first position that they are eligible for and offered.  Circulator operators that refuse position will be removed from all lists[.]"  Additionally, under the CBA

and merit system rules, circulator operators were notified that they had the following options:

[1.] Circulator Operators who previously held other full-time union positions at [RTA] could transfer to that former position if held by an incumbent with less seniority ("bump back");

[2.] Circulator Operators who formerly held part-time positions could elect a demotion to the same part-time position if it was vacant; [or]

[3.] Circulator Operators could apply and test for any posted positions.

{¶ 4} In accordance with the foregoing, GCRTA offered Warith the part-time position that she held before becoming a circulator operator. Warith declined to accept the part-time position and sought to grieve the matter. Local 268 denied the grievance, but provided Warith with forms for submitting the grievance on her own. The grievance was rejected, and Warith filed an unfair labor practice charge against Local 268 with the State Employment Relations Board ("SERB"). SERB dismissed the charge for lack of probable cause.

{¶ 5} Warith filed discrimination charges against GCRTA and Local 268 with the Equal Employment Opportunity Commission ("EEOC"). In 2010, Warith received a right to sue letter and filed a complaint in the United States District Court for the Northern District of Ohio, alleging that two Caucasian employees were offered full-time employment after the layoffs, but she was not offered similar employment. Warith asserted claims for race discrimination under Title VII, 42 U.S.C. 2000 et seq. and R.C. 4112.12 against GCRTA and Local 268, breach of contract and promissory estoppel against GCRTA, and breach of duty of fair

representation against Local 268. On August 22, 2011, Warith dismissed her claims against Local 268.

{¶ 6} On May 1, 2012, the federal district court awarded defendants summary judgment on Warith's "federal and state employment discrimination claims" but declined to exercise supplemental jurisdiction over Warith's remaining state law claims for breach of contract and promissory estoppel. The court ruled that Warith "failed to satisfy an essential element of her Title VII and R.C. 4112 claim for race-based discrimination, namely that similarly situated employee outside the protected class or classes was treated more favorably than she." The court noted that Warith was not similarly situated to the two Caucasian employees mentioned in her complaint. Distinguishing Warith from the first employee who was offered a full-time position, the court ruled that because Warith did not hold full-time employment prior to her position in the circulator department, she could not "bump back" to a full-time position after the elimination of that department. Distinguishing Warith from the second employee who was offered a dispatch position, the court noted that Warith was not on an "eligible list" for a dispatcher position prior to the layoffs. *See Warith v. Greater Cleveland Regional Transit Auth.*, N.D.Ohio No. 1:10CV2098, 2012 U.S. Dist. LEXIS 60613 (May 1, 2012). The Sixth Circuit Court of Appeals affirmed. *Warith v. Greater Cleveland Regional Transit Auth.*, 6th Cir. No. 12-3649 (Mar. 3, 2014) (unpublished decision).

{¶ 7} On October 6, 2016, Warith filed the instant action against GCRTA, Calabrese, Local 268, and Nix. Warith set forth claims for race discrimination, age

discrimination, sex discrimination, retaliation, breach of contract and promissory estoppel, "abuse of office," abuse of process, and fraud against all defendants, and breach of duty of fair representation against the Local 268 defendants.

{¶ 8} The defendants moved for summary judgment, asserting that the discrimination claims were barred by res judicata, the statute of limitations, and failure to file in the EEOC. The defendants also argued that the breach of contract and promissory estoppel claims and the remaining claims were barred by the statute of limitations, R.C. 4117.10 and 4117.11. The trial court awarded defendants summary judgment on all claims.

**Discrimination Claims**

{¶ 9} Warith asserts that the trial court erred in awarding defendants summary judgment on her claims for racial, gender, and age discrimination.

{¶ 10} This court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure. *N. Coast Cable L.P. v. Hanneman*, 98 Ohio App.3d 434, 440, 648 N.E.2d 875 (8th Dist.1994). In order for summary judgment to be properly rendered, it must be determined that:

> (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). *See also State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996).

{¶ 11} The burden of establishing that there is no genuine issue of material fact to be litigated is upon the party moving for summary judgment. *Turner v. Turner*, 67 Ohio St.3d 337, 341, 617 N.E.2d 176 (1993). When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. *State ex rel. Zimmerman.*

{¶ 12} In *Abram v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 80127, 2002-Ohio-2622, this court held that res judicata may be applied to bar state law claims for discrimination that were previously rejected by the federal district court. The *Abram* court explained:

> Regarding the issue of res judicata with federal court, "to the extent to which a federal court judgment operates as res judicata in the federal court, it also operates as res judicata in Ohio State courts." *Powell v. Doyle* (Oct. 8, 1998), 1998 Ohio App. LEXIS 4812, Cuyahoga App. No. 72900, at *8, citing *Horne v. Woolever* (1959), 170 Ohio St. 178, 10 Ohio Op. 2d 114, 163 N.E.2d 378. In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. *Id.* citing, *D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York* (C.A. 1997), 112 F.3d 257.
>
> In determining whether res judicata bars the appellants' state law claims we first review the identity of the parties in each action. The appellants do not deny that the instant state case involves the same

parties as the federal case, to wit, appellants Abram, Grant, Rollins, Smith and Crawford, and appellees RTA and Tober.

Second, the appellants do not deny that they brought the same causes of action in both the federal and state courts. In the federal court, the appellants claimed unlawful race discrimination in violation of Section 1981, Title 42, U.S. Code. In the instant action, the appellants claim racial discrimination in violation of R.C. 4112.02. * * *

Regarding the third prong of the test, the federal court made a final judgment on the merits of the case, concluding that the appellants failed to set forth a prima facie case of discrimination based upon either disparate treatment, disparate impact or direct evidence. The federal court found that under the *McDonnell Douglas/Burdine* formula, Abram failed to set forth a prima facie case of discrimination. Crawford and Rollins failed to show that RTA's nondiscriminatory reasons for its hiring decisions were pretexts for unlawful discrimination and all of the appellants failed to establish a prima facie case for disparate compensation. The federal court held that there existed no genuine issue of material fact and that appellees were entitled to judgment as a matter of law.

It is clear that in the instant state action and the prior federal action, the same parties are litigating the same set of facts, issues and causes of action arising out of the same circumstances and occurrences.

The appellants' assertion that res judicata should not apply as the federal court reviewed only the Section 1981, Title 42, U.S. Code claims while the state court reviewed the claims in violation of R.C. 4112 is without merit. *See Duriron Co., Inc. v. Donald Hill*, 1983 Ohio App. LEXIS 12705, 2nd Dist. No. 8010.

*Id.* at ¶ 23-28. *Accord Borowski v. State Chem. Mfg. Co.*, 97 Ohio App.3d 635, 642, 647 N.E.2d 230 (8th Dist.) ("The federal court's decision on the age discrimination claim involved the same facts and evidence, and thus the same cause of action as the state claim. The judgment of the federal court is res judicata to appellant's state law age discrimination claim."); *Wagner v. Heavlin*, 136 Ohio App.3d 719, 738, 737 N.E.2d 989 (7th Dist.2000) (claim litigated to finality in a federal district court

cannot be relitigated in a state court when the state claim involves the identical cause of action previously litigated in federal court and involves the same parties or their privies).

{¶ 13} Moreover, "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Holder v. Cleveland*, 287 Fed.Appx. 468, 471 (6th Cir. 2008). The *Holder* court explained:

> Even though Holder was aware of a possible racial disparity when filing *Holder I*, she chose only to pursue gender-based discrimination theories in her first suit. She cannot now subvert the principles of res judicata by filing yet another lawsuit on the same facts, but basing that suit solely on claims of racial discrimination. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978)[.]

*Id.*

{¶ 14} In this matter, the federal district court declined jurisdiction only over the breach of contract and promissory estoppel claims and awarded defendants summary judgment on Warith's federal and state employment discrimination claims. The instant complaint alleging racial discrimination involves the same facts and evidence, and asserts the same causes of action that were previously decided. Further, insofar as Warith now asserts that defendants committed gender and age discrimination in connection with the 2009 layoffs and part-time reemployment job offer, these additional theories of recovery are premised upon the same operative facts as the original lawsuit, so they are also barred by res judicata. Therefore, the judgment of the federal court bars Warith's present claims of discrimination.

{¶ 15} This portion of the assigned error lacks merit.

**Retaliation Claim**

{¶ 16} Warith also asserts that the trial court erred in awarding defendants summary judgment on her claim filed under R.C. 4112.02 retaliation claim.

{¶ 17} R.C. 4112.02(I) prohibits any person from:

> [discriminating] in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

{¶ 18} In 1994, the Ohio Supreme Court held claims brought pursuant to Chapter 4112, under provisions that do not contain their own statute of limitations, have a six-year statute of limitations. *Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.*, 70 Ohio St.3d 281, 638 N.E.2d 991 (1994). *Accord Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, 195, ¶ 20 (2d Dist.).

{¶ 19} In this matter, Warith's claim alleging retaliation was not filed within the six-year limitations period. Defendants were properly awarded summary judgment on this claim.

{¶ 20} Accordingly, this portion of the assigned error lacks merit.

**Breach of Contract and Promissory Estoppel Claims**

{¶ 21} Warith argues that the court erred in awarding defendants summary judgment on the breach of contract and promissory estoppel claims.

{¶ 22} We note that the federal court declined to "exercise pendant jurisdiction" over these claims so they are not barred by res judicata. *Johnson v. Cleveland City School Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶ 43, citing *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. Lakewood*, 20 Ohio App.3d 338, 486 N.E.2d 194 (8th Dist.1984).

{¶ 23} Turning to the merits of the claim, R.C. 4117.10(A) provides, in part as follows:

> An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure.

*See also Fischer v. Kent State Univ.*, 2015-Ohio-3569, 41 N.E.3d 840, ¶ 18 (10th Dist.); *Gudin v. W. Res. Psych. Hosp.*, 10th Dist. Franklin No. 00AP-912, 2001 Ohio App. LEXIS 2634 (June 14, 2001). Accordingly, Warith's claim for breach of the parties' contract was subject the grievance procedure in the CBA.

{¶ 24} Insofar as Warith asserts a claim based upon an oral agreement, we note that the statute of limitations for a breach of an oral contract is six years. R.C. 2305.07. *Aluminum Line Prods. Co. v. Brad Smith Roofing Co.*, 109 Ohio App.3d 246, 258, 671 N.E.2d 1343 (8th Dist.1996). A cause of action for promissory estoppel is also subject to the six-year statute of limitations. *Kenney v. Cleveland*, 8th Dist. Cuyahoga No. 105664, 2018-Ohio-1186, ¶ 8, citing *Cleveland Hts. v. Cleveland*, 8th

Dist. Cuyahoga No. 79167, 2001 Ohio App. LEXIS 5010 (Nov. 8, 2001). Accordingly, Warith's claims for breach of oral contract and promissory estoppel are barred by the statute of limitations.

{¶ 25} In accordance with the foregoing, this portion of the assigned error lacks merit.

**Unfair Labor Practices Claim Against Local 268**

{¶ 26} Warith maintains that the trial court erred in awarding Local 268 judgment on her claim alleging unfair labor practices.

{¶ 27} The Ohio Supreme Court has held that SERB "has exclusive jurisdiction to matters committed to it pursuant to R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), paragraph one of the syllabus. The statutes pertaining to unfair labor practices in R.C. Chapter 4117 do not provide for the filing of an original complaint in the common pleas court. *Id.* at 90.

> Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11.

*State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23, citing *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878 (1994).

{¶ 28} Here, Warith's allegations concern Local 268's duties and responsibilities pursuant to R.C. Chapter 4117. The allegations arise from Warith's collective bargaining rights so the procedures provided in R.C. Chapter 4117 define her exclusive remedies. *Franklin Cty. Law Enforcement Assn.* at paragraph two of the syllabus.

{¶ 29} Moreover, the unfair labor practices claim was not refiled within one year of Warith's 2011 dismissal of her previous unfair labor practice claim against the Local 268 as required under R.C. 2305.19(A) and was outside the limitations period of R.C. 4117.12(B).

{¶ 30} In accordance with all of the foregoing, this portion of the assigned error is without merit.

{¶ 31} Warith's sole assigned error is without merit.

{¶ 32} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR