[Cite as *U.S. Bank Trust, N.A. v. Jacobs*, 2015-Ohio-4632.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for VOLT 2012-NPL1 Asset Holdings Trust | Court of Appeals No. L-14-1268 |
| Appellee | Trial Court No. CI0201303000 |
| v. | |
| Ronald O. Jacobs, Ind. and as Trustee under The Ronald O. Jacobs and Barbara J. Jacobs Family Trust dated 13th day of September 2007, etc., et al. | **DECISION AND JUDGMENT** |
| Appellants | Decided: November 6, 2015 |

* * * * *

Adam J. Turer, for appellee.

Troy J. Doucet and Bridget M. Wasson, for appellants.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the Lucas County Court of Common Pleas granting

default judgment against appellant Barbara Jacobs and granting summary judgment

against appellant Ronald Jacobs. Appellants appeal these trial court orders. For reasons below, we affirm the trial court's orders.

{¶ 2} Appellants set forth two assignment of error:

1. The trial court erred in finding appellant Barbara Jacobs is in default of motion or answer.

2. The trial court erred in granting appellee's summary judgment on its foreclosure claims against appellant Ronald Jacobs.

{¶ 3} Appellants are a married couple who purchased a home in Maumee, Ohio in 2007. On November 30, 2007, appellants executed and delivered a promissory note to Residential Finance Corp. in the amount of $283,500. The note was then specially indorsed to several parties, including CitiMortgage, Inc., before it was specially indorsed to appellee, U.S. Bank Trust, N.A., as trustee for VOLT 2012-NPL1 Asset Holdings Trust. Appellee then indorsed the note in blank. All indorsements took place on allonges attached to the note.

{¶ 4} Also on November 30, 2007, appellants granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Residential Finance Corp., as security for payment on the note. The collateral for the mortgage was appellants' residence. The mortgage was recorded on December 12, 2007. The mortgage was then assigned to the same parties as the note. Appellee was assigned the mortgage on March 26, 2013.

2.

{¶ 5} On March 19, 2009, appellants and CitiMortgage, Inc. entered into a loan modification agreement. Appellants defaulted on the loan, as modified, on March 1, 2011. On March 30, 2011, a letter from CitiMortgage, Inc. was sent to appellants' address informing them of their default and that acceleration would occur if the default was not cured by April 30, 2011. Appellants did not cure the default and a balance of $273,171.64 of principal remains unpaid. An interest rate of 4 percent is due from February 1, 2011, and 6 percent from April 1, 2011.

{¶ 6} On May 22, 2013, appellee filed its complaint in foreclosure based on appellants' default on the loan. In its complaint, appellee generally averred that it performed all conditions precedent to the acceleration of the loan. The case was stayed by appellant Ronald Jacobs's filing for Chapter 13 bankruptcy. The case was reactivated on February 19, 2014. On February 25, 2014, appellants filed a motion to prohibit the foreclosure from proceeding while the bankruptcy case and adversary proceeding were pending. The motion was denied by the trial court.

{¶ 7} On March 17, 2014, appellant Ronald Jacobs filed an answer to the complaint. The answer stated "Comes now, Ronald Jacobs, and Barbara Jacobs," but was only signed by appellant Ronald Jacobs. The answer denied all allegations by appellee, stated appellant Barbara Jacobs's name does not appear on any loan documents, and claimed the trial court did not have subject-matter jurisdiction to hear the case. The answer also stated appellee was not a holder in due course of the note and questioned the validity of all allonges attached to the note. The answer did not deny appellee's

3.

compliance with the conditions precedent. On March 21, 2014, appellant Ronald Jacobs filed a "Notice of Fault and Opportunity to Cure and Contest Acceptance," which the trial court struck from the record on March 26, 2014.

{¶ 8} On October 8, 2014, appellee filed a motion for summary judgment against appellant Ronald Jacobs. The motion was supported by the affidavit of Melinda Girardeau, a default service officer for Caliber Home Loans. Girardeau is an attorney in fact and serves as a servicing agent for appellee. Girardeau averred that in her position she had access to loan documentation and loan account records, that she had knowledge of the operation and maintenance of the loan documents, and that she made the affidavit based on her personal knowledge of those business records. Appellee filed a motion for default judgment against appellant Barbara Jacobs on the same day.

{¶ 9} Girardeau stated at the time of the filing of the complaint, and continually since the filing, appellee has maintained possession of the note and attached allonges. She also stated the last allonge attached to the note was indorsed in blank by appellee. She also averred to the amount of the unpaid balance of the loan. Authenticated copies of the note, attached allonges, mortgage, assignments of the mortgage, notice of the default, and payment records were attached to the affidavit in support.

{¶ 10} On October 24, 2014, appellant Ronald Jacobs filed an affidavit, averring he sent correspondence to "Caliber Home Loan" on June 17, 2014. Appellants did not file an opposition to appellee's motion for default judgment or motion for summary

4.

judgment. On November 12, 2014, the trial court granted appellee's motion for summary judgment and motion for default judgment.

{¶ 11} Appellants' first assignment of error claims the trial court abused its discretion when it granted default judgment against appellant Barbara Jacobs. We review a trial court's granting default judgment for an abuse of discretion. *Wells Fargo Bank, N.A. v. Bischoff*, 6th Dist. Wood No. WD-13-045, 2014-Ohio-967, ¶ 12, citing *Tikaradze v. Kenwood Garden Apts.*, 6th Dist. Lucas No. L-11-1217, 2012-Ohio-3735, ¶ 6. A trial court's decision must be unreasonable, arbitrary, or unconscionable to be found to have abused its discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Civ.R. 55 governs requests for default judgment. Default judgment can be entered against a party who has "failed to plead or otherwise defend" when a judgment is brought against them. Civ.R. 55(A). An "appearance" before the court is defined as "an overt action by the party that clearly expresses an intention and purpose to defend the suit." *Bischoff* at ¶ 14, quoting *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 35 (6th Dist.). An intention to defend the suit can be evidenced by filings, letters, or even a phone call. *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 125, 623 N.E2d 163 (2d Dist.1993), citing *AMCA Intern. Corp. v. Carlton*, 10 Ohio St.3d 88, 90, 461 N.E.2d 1282 (1984). Civ.R. 11 requires a party who is not represented to sign every pleading. If a party fails to sign a pleading, a court may strike the pleading as a sham or false. Civ.R. 11.

{¶ 13} Here, appellant Barbara Jacobs failed to answer the complaint for foreclosure. The mere placement of her name at the top of the answer does not evidence her intent to defend the suit. Appellant did not sign the answer and her name does not appear on any other filings by appellants. It was therefore not unreasonable, arbitrary, or unconscionable for the trial court to find appellant Barbara Jones did not appear or otherwise defend against the foreclosure. We therefore affirm the granting of default judgment against appellant Barbara Jacobs.

{¶ 14} Appellants' second assignment of error argues the trial court erred when it granted summary judgment against appellant Ronald Jacobs. He argues appellee lacked standing to bring the foreclosure action, failed to satisfy the conditions precedent to the foreclosure, and failed to establish the amount appellants owe on the loan.

{¶ 15} Summary judgment decisions are reviewed by the appellate court de novo, using the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 298 (9th Dist.1989). To succeed on a motion for summary judgment, a party must show (1) no genuine issues of material fact exist, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, when viewing the evidence most favorable to the nonmoving party, and that conclusion supports the moving party. Civ.R. 56(C). When a motion for summary judgment is made and supported, the opposing party then has the burden of setting forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E).

6.

**{¶ 16}** In order to succeed on a motion for summary judgment in a foreclosure action, a plaintiff must demonstrate: (1) it is the holder of the note or otherwise entitled to enforce the instrument, (2) the mortgagor is in default, (3) all conditions precedent have been met, and (4) the amount of principal and interest due. *Fed. Natl. Mtge. Assn. v. Brunner*, 2013-Ohio-128, 986 N.E.2d 565, ¶ 10 (6th Dist.); *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

**{¶ 17}** Appellant first contends appellee lacked standing because appellee failed to prove it had possession of the original note at the time of the filing of the complaint. A plaintiff must show it is a holder of the note or a person entitled to enforce the instrument in order to have standing to enforce the note and mortgage. *Fed. Home Loan Mtge. Corp. v. Schwartwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28. A holder of a note is entitled to enforce the instrument. R.C. 1303.31. A holder of a negotiable instrument is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is in possession." R.C. 1301.201(B)(21)(a). As the note was endorsed in blank, the note was bearer paper. R.C. 1303.10(A)(2). Appellee is then required to show it had possession of the note at the time of the filing of the complaint. R.C. 1303.201(B)(21)(a).

**{¶ 18}** Appellee's possession of the note was evidenced by a copy of the note attached to the complaint and the affidavit to appellee's motion for summary judgment. Girardeau's averments about appellee's possession of the note before the time of the filing of the complaint and keeping continuous possession of the note since also shows

7.

possession of the note. As we have held, this type of evidence shows possession of the note in terms of establishing standing. *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 18.

{¶ 19} The recorded mortgage and all assignments thereafter were also attached to the complaint and the affidavit for summary judgment. The assignment to appellee took place two months before the complaint was filed. As possession was established by appellee, the burden shifted to appellant to show a genuine issue of material fact existed. Civ.R. 56(E).

{¶ 20} In response, appellant argues a genuine issue of material fact exists because appellee attached an allonge to the note indorsed in blank to the complaint. Appellant argues a note indorsed in blank does not prove when appellee came into possession of the note. However, as we held in *Adams*, possession of the note was evidenced by the attachment of a copy of the note to the complaint. *Adams* at ¶ 18. The mere fact the last allonge to the note was indorsed in blank does not create a genuine issue of material fact. As appellant has failed to point to specific evidence creating a genuine issue of material fact, we affirm the trial court's ruling.

{¶ 21} Appellant then contends all of the conditions precedent were not performed prior to the complaint for foreclosure as he argues there is no proof the letter attached to the affidavit in support of summary judgment was ever sent. Appellee generally averred all conditions precedent were met in its complaint. Appellant generally denied appellee's claims.

8.

{¶ 22} However, appellant failed to specifically deny appellee's general averment that all conditions precedent were performed. A general averment that all conditions precedent were performed is sufficient. *Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio 6253, at ¶ 49, *Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, at ¶ 37. A party alleging the satisfaction of conditions precedent may do so generally. Civ.R. 9(C). A party denying the conditions were met must do so specifically and with particularity. Civ.R. 9(C). "The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted." *Lewis v. Wal-Mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 WL 310411, *3 (Aug. 12, 1993). Here, appellee generally averred all conditions precedent were met in its complaint. Appellant failed to deny the conditions were performed specifically and with particularity in his answer. Therefore, this failure results in the conditions precedent being deemed performed. No other issues of fact exist.

{¶ 23} Finally, appellant argues summary judgment was improper because appellee failed to prove the amount owed on the note. Appellant points to the payment history computer printout attached to the affidavit in support of summary judgment, and argues the document is insufficient to prove the amount due. However, "an averment of the outstanding indebtedness made in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to show the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different

9.

amount is owed." *Natl. City Bank v. TAB Holdings, Ltd.*, 6th Dist. Erie No. E-10-060, 2011-Ohio-3715, ¶ 12.

{¶ 24} In her affidavit, Girardeau avers the appellants owe $273,171.64 in principal on the note as well as an interest rate of 4 percent starting in February 1, 2011 and 6 percent starting in April 1, 2011. Girardeau is a bank officer with personal knowledge of Ronald Jacobs' account. The amount owed is shown through the payment history computer printout attached to Girardeau's affidavit. The payment history indicates the same amount is due that Girardeau stated was due. Appellant does not claim to owe any other amount. Thus, appellee has sufficiently proven the amount due on the loan and no genuine issue of material fact exist as to the amount owed.

{¶ 25} Having found appellants' assignments of error not well-taken, we affirm the judgment of the Lucas County Court of Common Pleas. Costs are assigned to appellants pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                    JUDGE

Arlene Singer, J.

                _____
James D. Jensen, J.        JUDGE
CONCUR.

                _____
                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.