[Cite as *Waterfall Victoria Master Fund 2008 1 v. Rittenhouse*, 2018-Ohio-1791.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WATERFALL VICTORIA MASTER FUND 2008 1 | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17 CAE 10 0069 |
| | : | |
| JEFFERY (JEFFREY) M. RITTENHOUSE | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of Common Pleas, Case No. 14 CV E 11 817

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    May 4, 2018

APPEARANCES:

For Plaintiff-Appellee:

SUSANA E. LYKINS
1771 W. Diehl Rd., Suite 120
Naperville, IL 60563

For Defendant-Appellant:

BRIAN D. FLICK
MARC E. DANN
WILLIAM BEHRENS
P.O. Box 6031040
Cleveland, OH 44103

*Delaney, J.*

{¶1} Defendant-Appellant Jeffery (Jeffrey) M. Rittenhouse appeals the September 6, 2017 judgment entry of the Delaware County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

{¶2} On April 28, 2006, Defendant-Appellee Jeffery (Jeffrey) M. Rittenhouse executed an Adjustable Rate Note in favor of Sunset Mortgage Company, LP in the original principal sum of $414,000.00. The Note was secured by a Mortgage to the Mortgage Electronic Registration Systems, Inc. as nominee for Sunset Mortgage Company, LP on property located in Galena, Ohio. The Mortgage was assigned to Defendant-Appellee Waterfall Victoria Master Fund 2008-1 Grantor Trust, Series B. The Note was endorsed in blank and transferred to Waterfall Victoria Master Fund.

{¶3} Rittenhouse failed to make payments pursuant to the terms of the Note and Mortgage. On November 12, 2014, Waterfall Victoria Master Fund filed a complaint in foreclosure against Rittenhouse and other defendants in the Delaware County Court of Common Pleas. On January 26, 2015, Rittenhouse filed an answer, counterclaim, and third party complaint. Rittenhouse voluntarily dismissed his third party complaint. The trial court dismissed Rittenhouse's counterclaims on September 22, 2015.

{¶4} On November 9, 2015, Waterfall Victoria Master Fund filed a motion for summary judgment. The trial court granted the motion on December 30, 2015. The trial court granted the Decree in Foreclosure on December 30, 2015.

{¶5} Rittenhouse filed an appeal of the Decree in Foreclosure with the Fifth District Court of Appeals, Case No. 16 CAE 01 0004. On March 23, 2016, Rittenhouse

filed a Notice of Bankruptcy Stay. The court stayed the appeal during the pendency of the bankruptcy action.

{¶6} The Bankruptcy Court dismissed Rittenhouse's bankruptcy petition on February 2, 2017. On February 8, 2017, Waterfall Victoria Master Fund filed a motion to reinstate the appeal. We granted the motion on February 28, 2017.

{¶7} We dismissed Rittenhouse's appeal on April 24, 2017 for want of prosecution pursuant to App.R. 18(C).

{¶8} On July 12, 2017, Rittenhouse filed a motion to vacate the December 30, 2015 judgment entry granting the motion for summary judgment and Decree in Foreclosure. Rittenhouse argued the judgment entry should be vacated pursuant to Civ.R. 60(B)(3) and 60(B)(5) because Waterfall Victoria Master Fund was not the real party in interest when the trial court granted the Decree in Foreclosure. Rittenhouse stated that on September 23, 2015, Waterfall Victoria Master Fund 2008-1 Grantor Trust, Series B assigned the Mortgage to Waterfall Victoria Depositor II, LLC. The assignment of Mortgage was recorded on December 3, 2015. On September 24, 2015, Waterfall Victoria Depositor II, LLC assigned the Mortgage to Waterfall Victoria Grantor Trust II, Series G. The assignment of the Mortgage was recorded on December 3, 2015.

{¶9} Waterfall Victoria Master Fund responded to the motion and argued it was permitted to proceed in the case pursuant to Civ.R. 25(C). It further argued Rittenhouse's motion was not filed in a reasonable time and failed to raise a meritorious defense to foreclosure.

{¶10} On September 6, 2017, the trial court denied Rittenhouse's motion to vacate.

{¶11} It is from this decision Rittenhouse now appeals.

## ASSIGNMENT OF ERROR

{¶12} Rittenhouse raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)(3) AND/OR CIV.R. 60(B)(5)."

## ANALYSIS

{¶14} Rittenhouse contends the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶15} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Rittenhouse bases his motion on 60(B)(3) and 60(B)(5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

**Civ.R. 60(B)(3)**

{¶16} Rittenhouse contends Waterfall Victoria Master Fund acted fraudulently as to the identity of the owner of the Mortgage. On September 23, 2015, Waterfall Victoria Master Fund assigned the Mortgage to Waterfall Victoria Depositor II, LLC. On September 24, 2015, Waterfall Victoria Depositor II, LLC assigned the Mortgage to Waterfall Victoria Grantor Trust II, Series G. The assignments were recorded on December 3, 2015. On December 30, 2015, the trial court issued the Decree in Foreclosure. Rittenhouse states that Waterfall Victoria Master Fund proceeded with the action even though it was no longer the real party in interest on December 3, 2015.

{¶17} Civ.R. 60(B)(3) considers "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * *." The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case. *PNC Bank, Natl. Assn. v. Botts,* 10th Dist. No. 12AP–256, 2012–Ohio–5383, ¶ 15 citing *State Alarm, Inc. v. Riley Indus. Servs.,* 8th Dist. Cuyahoga No. 92760, 2010–Ohio–900, ¶ 21; *First Merit Bank, N.A. v. Crouse,* 9th Dist. Lorain No. 06CA008946, 2007–Ohio–2440, ¶ 32; and *LaSalle Natl. Bank v. Mesas,* 9th Dist. Lorain No. 02CA008028, 2002–Ohio–6117, ¶ 15.

{¶18} The Ohio Supreme Court in *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, analyzed a motion for relief from judgment based on an allegation of fraud in a foreclosure proceeding. The appellants argued they were entitled to relief from judgment pursuant to Civ.R. 60(B)(3) because the mortgagee lacked

standing at the time it filed its action in foreclosure. Prosecuting the foreclosure without standing, the appellants argued, was a fraudulent act entitling the appellants to relief from the foreclosure judgment. The Court examined whether Civ.R. 60(B)(3) applied to the appellants' claims. It stated that, "fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." (Citations omitted.) *Id.* at ¶ 13. The Court analyzed the appellants argument:

> The Kuchtas have not alleged that Bank of America committed intrinsic fraud, such as attaching a materially false affidavit to its motion for summary judgment. *See Smith v. Asbell,* 4th Dist. Scioto No. 03CA2897, 2005-Ohio-2310, 2005 WL 1111630 (motion to vacate judgment properly granted when plaintiff attached fraudulent affidavit to complaint to prevent statute-of-limitations defense). And there is no allegation of extrinsic fraud, such as persuading the Kuchtas not to defend their case by falsely promising to voluntarily dismiss the action. *See United States v. Throckmorton,* 98 U.S. 61, 65–66, 25 L.Ed. 93 (1878).

*Id.* at ¶ 14.

{¶19} Rittenhouse does not argue Waterfall Victoria Master Fund committed intrinsic or extrinsic fraud. Nor does Rittenhouse argue that Waterfall Victoria Master Fund lacked standing to file the foreclosure complaint. Rittenhouse claims that on December 3, 2015, Waterfall Victoria Master Fund was no longer the real party in interest pursuant to Civ.R. 17(A) because it transferred the mortgage interest during the foreclosure

proceedings. Rittenhouse argues that because Waterfall Victoria Master Fund was no longer the real party in interest, it was obligated to move for a substitution of parties and the failure of Waterfall Victoria Master Fund to substitute the real party in interest establishes his entitlement to relief due to fraud or misconduct and a meritorious defense to the underlying foreclosure.

{¶20} Civ.R. 17(A) states that, "every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A) provides for several methods of ensuring that the real party in interest prosecutes the case. *Dater v. Charles H. Dater Found., Inc.*, 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699 (1st Dist.), ¶¶ 10-11. It permits ratification, joinder, or substitution. *Id.* Civ.R. 25 governs the process of substitution, and it specifies when substitution of a party may occur. It allows substitution only in the case of death, incompetency, or "transfer of interest." *Id.* quoting *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 71, 567 N.E.2d 1291 (1991); *Boedeker v. Rogers*, 140 Ohio App.3d 11, 19–20, 746 N.E.2d 625 (2000). Civ.R. 25(C) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Because Civ.R. 25(C) provides that the proceedings *may be* continued by or against the original party, "[t]he rule does not require that a substitution of parties be made." *Midwest Business Capital v. RFS Pyramid Mgt.*, 11th Dist. Trumbull No. 2011-T-0030, 2011-Ohio-6214, ¶ 23 quoting *Krischbaum, supra*. Rather, the decision to substitute a party or parties is a matter within the trial court's discretion. *Id.* citing *Mtge. Electronic Registration Sys., Inc. v. Vascik,* 6th Dist. No. L–09–1129, 2010–Ohio–4707, at ¶ 35; *see, also*, *Alrichs v. Tri–Tex Corp.*, 41 Ohio App.3d 207, 210, 534 N.E.2d 1231

(1st Dist.1987). If a court determines a transfer of interest has occurred, it may substitute parties pursuant to Civ.R. 25(C). *Id.* citing *Dater v. Charles H. Dater Found., Inc.,* 166 Ohio App.3d 839, 2006–Ohio–2479, 853 N.E.2d 699, ¶ 11 (1st Dist.).

{¶21} In this case, Waterfall Victoria Master Fund was the holder of the Note and Mortgage when it filed the foreclosure action on November 12, 2014. It had proper standing to invoke the jurisdiction of the trial court. Before the trial court granted summary judgment, Waterfall Victoria Master Fund transferred its mortgage interest. Civ.R. 25(C) provides that the proceedings *may be* continued by or against the original party — the rule does not require that a substitution of parties be made. Waterfall Victoria Master Fund was permitted to continue the proceedings as the original party even though it made a transfer of interests. The trial court did not abuse its discretion to find that the choice of Waterfall Victoria Master Fund to continue with the proceedings as the original party was not a fraud upon Rittenhouse or the trial court as stated in Civ.R. 60(B)(3). The failure of Waterfall Victoria Master Fund to file a motion to substitute parties did not establish Rittenhouse's entitlement to relief due to fraud or misconduct and a meritorious defense to the underlying foreclosure

### Civ.R. 60(B)(5)

{¶22} Rittenhouse next argues the trial court should vacate the judgment pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.' " *Maggiore v. Barensfeld,* 5th Dist. Stark No.2011CA00180, 2012–Ohio–2909, ¶ 35 citing *Dutton v. Potroos,* 5th Dist. Stark

No.2010CA00318, 2011–Ohio–3646, at ¶ 49. It is reserved for "extraordinary and unusual case [s]," *Myers v. Myers,* 9th Dist. Summit No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.*

{¶23} We do not find this case presents an extraordinary or unusual circumstance to relieve Rittenhouse of the foreclosure judgment. As stated above, the Rules of Civil Procedure permitted Waterfall Victoria Master Fund to proceed with the action after it had transferred its mortgage interests.

{¶24} Accordingly, the sole Assignment of Error of Rittenhouse is overruled.

**CONCLUSION**

{¶25} The judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.