[Cite as *Wilmington Savs. Fund Soc. v. McHugh*, 2020-Ohio-4250.]


IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Wilmington Savings Fund Society, etc.     Court of Appeals No. L-19-1270

    Appellee     Trial Court No. CI0201901157

v.

Donald E. McHugh, et al.     **DECISION AND JUDGMENT**

    Appellants     Decided: August 28, 2020

* * * * *

David T. Brady, for appellee.

Gregory H. Wagoner, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this foreclosure action, appellants, Donald and Cynthia McHugh, appeal

the judgment of the Lucas County Court of Common Pleas, which granted summary

judgment in favor of appellee, Wilmington Savings Fund Society, FSB, as Owner Trustee

of the Residential Credit Opportunities Trust V-D ("Residential"). For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On August 23, 2005, appellants executed a note and mortgage, and obtained a loan in the amount of $288,000 for a home located at 2403 Lost Creek Drive, Toledo, Ohio 43617. Appellants stopped paying on the loan in December 2008. The present action was initiated on January 16, 2019, when Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually But As Trustee For Hilldale Trust ("Hilldale"), filed a complaint in foreclosure against appellants.

{¶ 3} Attached to the complaint was a copy of the August 23, 2005 note. The note listed the lender as Home Loan Corporation DBA Expanded Mortgage Credit. The last page of the note was endorsed in blank by Home Loan Corporation DBA Expanded Mortgage Credit.

{¶ 4} Also attached to the complaint was a copy of the August 23, 2005 mortgage. The mortgagee on that document was listed as Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Home Loan Corporation DBA Expanded Mortgage Credit. The complaint also included several recorded assignments of the mortgage:

1. On May 27, 2008, the mortgage was assigned from MERS as nominee for Home Loan Corporation DBA Expanded Mortgage Credit to U.S. Bank National Association, as Trustee for the Specialty Underwriting

2.

and Residential Financial Trust Mortgage Loan Asset-Backed Certificates Series 2006-HC2.

2. On September 9, 2014, the mortgage was assigned from U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Financial Trust Mortgage Loan Asset-Backed Certificates Series 2006-HC2 by Nationstar Mortgage LLC, its attorney-in-fact, to Nationstar Mortgage LLC.

3. Also on September 9, 2014, the mortgage was assigned from Nationstar Mortgage LLC to Bank of America, NA.

4. On March 30, 2016, the mortgage was assigned from Bank of America, NA to Wilmington Savings Fund Society, FSB, DBA Christiana Trust, Not Individually but as Trustee for Ventures Trust 2013-I-H-R.

5. On September 20, 2017, the mortgage was assigned from Wilmington Savings Fund Society, FSB, DBA Christiana Trust, Not Individually but as Trustee for Ventures Trust 2013-I-H-R to Hilldale.

{¶ 5} On July 5, 2019, Hilldale moved for summary judgment. In its motion, Hilldale argued that appellants have defaulted on the note and mortgage. Further, Hilldale argued that it was the assignee of the mortgage, and that it was the possessor and entity entitled to enforce the note.

{¶ 6} Attached to Hilldale's motion was an affidavit from Kim Kelly of Fay Servicing, LLC, as attorney-in-fact for Hilldale. Kelly attested that Hilldale's custodian

3.

was in possession of the original promissory note, and that Hilldale elected to call the entire balance of the account due and payable. In addition, Kelly authenticated a printout of appellants' payment history showing that appellants have not made a payment since November 1, 2008, as well as a copy of a default notice that was sent to appellants on April 12, 2017, notifying appellants that they were in default in the amount of $240,676.18.

{¶ 7} On August 9, 2019, appellants responded by filing an opposition to Hilldale's motion for summary judgment, by moving for summary judgment themselves, and, in the alternative, moving for additional time to conduct discovery pursuant to Civ.R. 56(F). In their motion, appellants argued that Hilldale did not have standing to assert the claims in foreclosure because it was no longer the holder of the mortgage and note. Specifically, appellants argued that ten days earlier, on July 31, 2019, Residential acquired the mortgage at issue. Thus, appellants argued that either Hilldale's motion for summary judgment must be denied because at a minimum there is a question of fact as to the current ownership of the loan, or appellants' motion for summary judgment must be granted because Hilldale is no longer the owner of the loan.

{¶ 8} Attached to appellants' August 9, 2019 filing was an affidavit from Donald McHugh authenticating two letters that he received from Residential. The August 1, 2019 letters from Residential stated that "Residential Credit Opportunities Trust V-D is the new owner of your mortgage."

4.

{¶ 9} On October 23, 2019, the trial court entered its judgment granting Hilldale's motion for summary judgment, and denying appellants' motions for summary judgment and for additional time to conduct discovery pursuant to Civ.R. 56(F).  As to Hilldale's motion for summary judgment, the trial court found that Hilldale presented evidence establishing the essential elements of a foreclosure action, and that appellants failed to present any evidence demonstrating a genuine issue of material fact on those elements.

{¶ 10} As to appellants' Civ.R. 56(F) motion, the trial court found Donald McHugh's affidavit lacked any averment that he or someone on his behalf contacted or attempted to contact Residential to obtain additional information about the letter describing the purported loan transfer, which the court identified as hearsay.  Further, the trial court found that even if Residential became the owner of the note and mortgage, Civ.R. 25(C) would allow Hilldale to continue the proceedings against appellant, and any transfer of Hilldale's interest would not otherwise constitute a meritorious defense with respect to the foreclosure action.  Thus, the trial court found that granting any additional discovery time would be futile.

{¶ 11} Following the trial court's award of summary judgment, on November 7, 2019, Hilldale moved to substitute Residential as the party plaintiff.  Attached to the motion was an assignment of mortgage dated September 11, 2019, and recorded on October 3, 2019, assigning the mortgage from Hilldale to Residential.  The trial court granted the motion to substitute Residential as the party plaintiff on November 12, 2019.

## II. Assignments of Error

{¶ 12} Appellants have timely appealed the trial court's October 23, 2019 judgment, and now assert three assignments of error for our review:

1. The Trial Court erred in granting summary judgment in favor of Appellee when Appellee did not establish a proper chain of custody of the promissory note and mortgage to support its Motion for Summary Judgment and Appellee was not the owner of the mortgage and promissory note when judgment was entered.

2. The Trial Court erred by applying the wrong statute of limitations to Appellee's claims under the promissory note which, despite not being argued in the Trial Court, constitutes plain error.

3. The Trial Court erred in denying Defendants-Appellants' Motion to Conduct Additional Discovery filed pursuant to Rule 56(F) of the Ohio Rules of Civil Procedure.

## III. Analysis

### A. Summary Judgment

{¶ 13} In their first assignment of error, appellants argue that the trial court erred in awarding summary judgment to Hilldale. Specifically, appellants argue that Hilldale did not have standing to prosecute the action because it failed to demonstrate that it was the holder of the note and mortgage at the time the complaint was filed as well as at the time that judgment was entered.

6.

{¶ 14} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 15} To be entitled to summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality material showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the mortgage; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *U.S. Bank Trust, N.A. for LSF8 Master Participation Trust v. Edmon*, 6th Dist. Erie No. E-17-048, 2018-Ohio-2987, ¶ 27, citing *U.S. Bank, N.A. v. Coffee*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

{¶ 16} We will first address whether Hilldale had standing at the time it filed the complaint. "[S]tanding to sue in a foreclosure action must be determined at the start of the suit." *Id.* at ¶ 23, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24. "Thus, if a party seeking to foreclose

7.

a mortgage fails to establish 'an interest in the note or mortgage at the time it filed suit, it [has] no standing to invoke the jurisdiction of the common pleas court.'" *Id.*, quoting *Schwartzwald* at ¶ 28.

{¶ 17} Here, Hilldale presented evidentiary-quality material showing that it possessed the original promissory note that had been endorsed in blank. This is sufficient to establish standing to enforce the note. *See U.S. Bank Trust, N.A. v. Jacobs*, 6th Dist. Lucas No. L-14-1268, 2015-Ohio-4632, ¶ 18 (attaching a copy of the note to the complaint, along with an affidavit stating that plaintiff had possession of the note before the time of filing the complaint and has continuous possession of the note, is sufficient to establish standing); R.C. 1303.25(B) ("When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). Further, Hilldale presented evidentiary-quality material showing that it was the assignee of the mortgage, by attaching to the complaint and to its motion for summary judgment all of the recorded transfers beginning with MERS and ending with Hilldale.

{¶ 18} Upon Hilldale's satisfaction of its initial burden, the burden then shifted to appellants to demonstrate a genuine issue of material fact. Civ.R. 56(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Dresher v. Burt*, 75 Ohio St.3d 280,

8.

293, 662 N.E.2d 264 (1996). Appellants, however, presented no evidence demonstrating that Hilldale was not the holder or entity entitled to enforce the note or mortgage. Therefore, we hold that Hilldale had standing to bring the foreclosure action at the time the complaint was filed.

{¶ 19} Next, we will turn to whether it was necessary for Hilldale to be the holder and entity entitled to enforce the note and mortgage at the time that judgment was entered. Civ.R. 25(C) provides, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Under similar circumstances, in *Waterfall Victoria Master Fund 2008 1 v. Rittenhouse*, 2018-Ohio-1791, 111 N.E.3d 883, ¶ 21 (5th Dist.), the Fifth District found that Civ.R. 25(C) did not require a substitution of parties in a foreclosure action where the plaintiff transferred its mortgage interest before the trial court granted summary judgment. We agree, and hold that summary judgment in favor of Hilldale was appropriate even though it had transferred its interest in the note and mortgage shortly before summary judgment was awarded, particularly where the trial court subsequently granted Hilldale's motion to substitute the party plaintiff.

{¶ 20} Accordingly, appellants' first assignment of error is not well-taken.

## B. Statute of Limitations

{¶ 21} In their second assignment of error, appellants argue that this foreclosure action is outside of the statute of limitations. Appellants concede that they did not raise

9.

this issue in the trial court, but argue that the trial court committed plain error by granting summary judgment on a claim that was barred by the statute of limitations. *See Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 21 (2d Dist.) ("[T]he trial court committed plain error by applying the wrong statute of limitations and by granting the motion to dismiss the complaint."). In civil cases, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Accepting, for purposes of our analysis, that granting summary judgment on a claim that is barred by the statute of limitations constitutes plain error, we find that appellants have nonetheless failed to demonstrate that the foreclosure claim was outside of the statute of limitations.

{¶ 22} The parties agree that this claim is governed by the six-year statute of limitations set forth in R.C. 1303.16(A), which provides, "[A]n action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."

{¶ 23} Here, the maturity date of the note was September 1, 2035. The note provided that appellants would make monthly payments, and if they failed to do so they

10.

would be in default.  Paragraph 7(C) of the note states, "If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount."

{¶ 24} Residential argues that although appellants defaulted on the note in December 2008, payment of the note was not accelerated until the April 12, 2017 letter notifying appellants that they were in default in the amount of $240,676.18.  Thus, Residential concludes that the foreclosure action was brought well within the statute of limitations.

{¶ 25} Appellants, on the other hand, argue that their first missed payment in December 2008 caused them to be in default, which automatically triggered acceleration of the note, and no further action needed to be taken on the part of the note holder.  We reject this argument, however, because it contradicts the clear language of the note, which makes the acceleration of the debt optional:  "If I am in default, the Note Holder *may* without notice or demand * * * require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount."  (Emphasis added).  *See Rck Invest. Co. v. Centerville Land Invests. Ltd*, 2d Dist. Montgomery No. 7804, 1982 WL 3828 (Oct. 20, 1982) (where note provided, "If any installment is not paid when due or within 30 days thereof, then the entire unpaid balance hereof shall at once become due and payable at the option of the holder hereof," the court concluded that

11.

"the provision for acceleration was not automatic or self executing. Acceleration did not and could not take place until the holder exercised the option.").

{¶ 26} Alternatively, appellants allege that the note was accelerated by a letter dated April 1, 2008, from Wilshire, the loan servicer at the time. However, while their brief declares that the purported letter is contained in an unidentified appendix, the letter is not in the record.[1] Thus, we will not consider appellants' arguments based upon the April 1, 2008 letter. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶ 27} Therefore, we find that there is no genuine issue of material fact, and the evidence establishes that the note was accelerated in April 2017. Consequently, the foreclosure complaint was filed well within the statute of limitations, and thus the trial court did not commit plain error in granting the motion for summary judgment.

{¶ 28} Accordingly, appellants' second assignment of error is not well-taken.

### C. Civ.R. 56(F) Motion

{¶ 29} Finally, in their third assignment of error, appellants argue that the trial court abused its discretion when it denied their Civ.R. 56(F) motion for additional time to conduct discovery. We review a trial court's ruling on a Civ.R. 56(F) motion for an

---

[1] Appellants' briefs likewise contain several other references to documents included in an appendix, which are not part of the record.

abuse of discretion. *Bloomfield v. Beier*, 6th Dist. Wood No. WD-15-071, 2016-Ohio-5167, ¶ 10. An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 30} Civ.R. 56(F) provides,

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"Generally, * * * the trial court should exercise its discretion in favor of a party seeking further time for discovery under Civ.R. 56(F)." *Johannsen v. Ward*, 6th Dist. Huron No. H-09-028, 2010-Ohio-4203, ¶ 71, quoting *Drake Constr. Co. v. Kemper House Mentor, Inc.*, 170 Ohio App.3d 19, 2007-Ohio-120, 865 N.E.2d 938, ¶ 29 (11th Dist.). But, "[m]ere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion." *Bloomfield* at ¶ 9, quoting *Gates Mills Invest. Co. v. Village of Pepper Pike*, 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978).

13.

{¶ 31} Here, appellants sought additional time to seek discovery on the transfer of the mortgage from Hilldale to Residential. In denying the motion, the trial court found that the transfer would not constitute a meritorious defense to the motion for summary judgment because Civ.R. 25(C) allowed for Hilldale to continue as the plaintiff. As discussed above, we agree with the trial court's reasoning. Therefore, because the discovery sought by appellants would not aid their opposition to the motion for summary judgment, we hold that the trial court did not abuse its discretion in denying appellants' Civ.R. 56(F) motion.

{¶ 32} Accordingly, appellants' third assignment of error is not well-taken.

### IV. Conclusion

{¶ 33} For the foregoing reasons, we find that substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Wilmington Savs. Fund Soc.
v. McHugh
C.A. No. L-19-1270

Mark L. Pietrykowski, J.                  _____

                                                   JUDGE

Christine E. Mayle, J.

                                                    _____

Gene A. Zmuda, P.J.                                       JUDGE
CONCUR.

                                                     _____

                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.