[Cite as *Dyck-O'Neal, Inc. v. Kozlina*, 2024-Ohio-4474.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| DYCK-O'NEAL, INC. | C.A. No. 31030 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MIKE KOZLINA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV-2022-02-0508 |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2024

HENSAL, Judge.

{¶1} Mike Kozlina appeals an order of the Summit County Court of Common Pleas that granted summary judgment to Dyck-O'Neal, Inc. This Court affirms.

I.

{¶2} On March 29, 2002, Mr. Kozlina executed a promissory note in the amount of $49,000, in which he agreed to make monthly payments to the lender, ABN AMRO Mortgage Group. The maturity date of the promissory note was April 1, 2032, but it provided that the full amount due could be accelerated in the event of default. The note also explained that if Mr. Kozlina was in default and the holder of the note did not accelerate the principal, it could do so at a later time if he remained in default.

{¶3} The parties agree that Mr. Kozlina last made a payment on November 9, 2007, and that Dyck-O'Neal ("the Note Holder") purchased the note in 2010. Between November 2011 and November 2015, the Note Holder sent Mr. Kozlina a series of letters related to the default. On

January 6, 2022, the Note Holder sent a letter titled "Notice of Default and Intent to Accelerate." The Note Holder filed a complaint for judgment on the promissory note on February 17, 2022, requesting judgment in the amount of $45,749.66 plus 7.375% interest per year. Mr. Kozlina moved for summary judgment, acknowledging that he was in default but maintaining that the action was time-barred because the debt was accelerated in 2011. The Note Holder also moved for summary judgment, asserting that the letters sent between 2011 and 2015 were not the affirmative action necessary to accelerate a debt. The trial court granted summary judgment to the Note Holder, concluding that the Note Holder did not take affirmative action to accelerate the note until filing the complaint. The trial court entered judgment on the note plus interest to the Note Holder, and Mr. Kozlina appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DYCK-O'NEAL AND DENYING MR. KOZLINA'S MOTION FOR SUMMARY JUDGMENT AS THE STATUTE OF LIMITATIONS HAD LAPSED BEFORE THE FILING OF THE INITIAL COMPLAINT.

{¶4} In his only assignment of error, Mr. Kozlina argues that the trial court erred by granting the Note Holder's motion for summary judgment and denying his own because the Note Holder's claims were time-barred by the statute of limitations set forth in Revised Code Section 1303.16. This Court does not agree.

{¶5} This Court reviews an order granting summary judgment de novo. *State ex rel. Internatl. Assn. of Fire Fighters v. Sakacs*, 2023-Ohio-2976, ¶ 15. Under Civil Rule 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd*

*v. Smith*, 2006-Ohio-3455, ¶ 10. In this case, the parties agree that there are no issues of fact. The question before this Court is one of law: whether the debt was accelerated with the filing of the complaint or in the course of the correspondence that occurred earlier.

{¶6} "An action for a personal judgment on a promissory note is subject to the six-year statute of limitations in R.C. 1303.16(A)." *Bayview Loan Servicing, LLC v. Humphreys*, 2021-Ohio-4324, ¶ 31 (10th Dist.). Section 1303.16(A) explains that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, *if a due date is accelerated*, within six years after the accelerated due date." (Emphasis added.) This provision, which is Ohio's version of Uniform Commercial Code Section 3-118, "generally requires a separate act, aside from a mere failure to meet a due date, especially when there is language in the note that the lender *may* give notice of acceleration due to non-payment." (Emphasis in original.) *Bank of New York Mellon v. DePizzo*, 2015-Ohio-4026, ¶ 18 (11th Dist.). *See also Wilmington Savs. Fund Soc. v. McHugh*, 2020-Ohio-4250, ¶ 25 (6th Dist.).

{¶7} Mr. Kozlina last made a payment on November 9, 2007. The promissory note executed by Mr. Kozlina provided:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Under these terms, acceleration was not automatic in the event of default. *See DePizzo* at ¶ 18. On November 9, 2011, the Note Holder informed Mr. Kozlina that it had purchased the note and explained his past-due balance. On November 14, 2013, the Note Holder sent Mr. Kozlina an offer to discount his payoff balance. That correspondence set forth his payoff balance and

described the discount that could be available to him. The Note Holder sent a similar letter to Mr. Kozlina on March 28, 2014. On July 30, 2014, the Note Holder sent a letter to Mr. Kozlina that set forth the principal, interest, and fees then due on the note and provided documentation supporting the amounts. On November 2, 2015, the Note Holder sent correspondence to Mr. Kozlina reminding him that his account was past due. None of these letters mentioned acceleration of the debt.

{¶8} On January 6, 2022, the Note Holder sent Mr. Kozlina a "Notice of Default and Intent to Accelerate." Consistent with the terms of the note, that letter informed Mr. Kozlina that if he did not cure the default by February 2, 2022, the Note Holder "may declare all of the sums secured by the Mortgage to be immediately due and payable, without further demand." On February 17, 2022, the Note Holder filed a complaint for judgment on the note, explaining that Mr. Kozlina failed to cure the default after notice and exercising the Note Holder's option to accelerate the note.

{¶9} Because the correspondence that occurred between 2011 and 2015 did not reference acceleration in accordance with the terms of the note, this Court cannot agree that the Note Holder accelerated the note during that time period. Consequently, the statute of limitations set forth in Section 1303.16(A) did not bar the action filed on February 17, 2022, and the trial court did not err by granting summary judgment to the Note Holder. Mr. Kozlina's assignment of error is overruled.

III.

{¶10} Mr. Kozlina's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SARAH G. OGDEN, Attorney at Law, for Appellant.

SUZANA PASTOR, Attorney at Law, for Appellee.